# Nicholson v. Mobile & Montgomery Railroad Co.

### Action for Damages for Personal Injuries.

1. *Limitation of suit or claim for damages against railroad company.* — The limitation of sixty days, within which claims for damages against railroad companies must be presented or sued on (Rev. Code, § 1401) does not apply to injuries to the person : as to such claims, the statutory limitation of an action (Rev. Code, § 2905) is one year.

2. *Revised Code; how far law.* — When sections of the Revised Code differ, in meaning or substance from the statutes which purport to be incorporated therein, the original statute is the law.

APPEAL from the Circuit Court of Butler.

The record does not show the name of the presiding judge.

JUDGE & HOLTZCLAW, for appellant.

HERBERT & BUELL, *contra.*

B. F. SAFFOLD, J. — The action being for damages for injuries done to the person, the defendant pleaded that the claim had not been presented, or that suit had not been commenced, within sixty days from the date of the alleged injuries, agreeably to R. C. § 1402. The plaintiff demurred to this plea, and, on the overruling of the demurrer, he replied that, in consequence of the injuries, he was unable to present his demand, or to sue on it, within the specified time. A demurrer to this replication was sustained. These rulings are now assigned as error.

In order to construe correctly the law of the Revised Code in respect to this matter, reference must be made to the original statutes. Sections 1399, 1400, and about one half of 1401, concluding with the words, " or on account of any negligence whatever on the part of the railroad company, or its agents," contain the substance of an " Act to regulate and define the duties and liabilities of railroad companies in this State," approved February 6, 1858. The first section of this act, corresponding with R. C. § 1399, requires certain precautionary duties of the engineer, or other person or persons having the control of the running of a locomotive on a railroad. The second, corresponding with R. C. § 1400, declares such engineer or other person guilty of a misdemeanor, if he fails to perform any of the duties so required of him. The third, corresponding with the first half of R. C. § 1401, as above stated, declares the liability of the railroad company for all damages done to persons, stock, or other property, on account of the failure of their engineers to comply with the requirements of

[Nicholson *v.* Mobile and Montgomery Railroad Company.]

the act, " *or on account of any negligence whatever on the part of the railroad company, or its agents (and in no other case).*"

This act was amended by an act so entitled, approved January 31, 1861. The amendment struck out the words " and in no other case," which concluded the third section, and inserted, in lieu thereof, the following : " Whenever any stock or other property is killed or damaged by the locomotive or cars of any railroad in this State, and the owner of such stock or property brings suit to recover the value thereof, or the damages thereto, the burden of proof shall be on said railroad company, on the trial of said suit, to show that the requirements of the first section of *said act* have been complied with by the said company, its agents, or employees ; *provided,* that the proof hereby required shall apply only to the particular place at which the injury was done." The second section of this latter act, for which R. C. § 1402 is substituted, enacts " that all claims for damages, *under the provisions of this act,* shall be forever barred, unless presented in writing, within sixty days after the same shall have accrued, to the president, treasurer, superintendent, or some depot agent of the railroad company sought to be charged, or unless suit shall be brought thereon within said term of sixty days."

The amendatory act says nothing about injuries to the person. Its first section amends the other act, only in relieving the owner of the property injured from proving negligence, until the company has shown a compliance with the specified requirements. Manifestly, it was not intended to relieve the company from other negligences, such as a deficient track, or a broken engine or car. Its second section is applicable only to cases in which the plaintiff avails himself of the relief from the necessity of proving entirely the negligence. It was proper to limit the time in which the defendant should be required to prove no negligence on its part, especially in view of the fugitive duties to be performed. See Acts 1857–58, p. 15 ; Acts 1861, p. 37. The codifier of the Revised Code was forbidden to change " the substance or meaning of any statute to be included therein." Acts 1859–60, p. 88. As the latter half of R. C. § 1401 expressly reserves the burden of proof on the defendant, in suits for damages to property, so the limitation of sixty days, in R. C. § 1402, is confined to such injuries when the plaintiff shifts the burden of proof to the defendant.

This action, in respect to its limitation, is governed by Rev. Code, §§ 2905, 2910. The demurrer to the second plea ought to have been sustained.

The judgment is reversed, and the cause remanded.

NOTE BY REPORTER. — On a subsequent day of the term,

[Dolberry v. Trice's Executor.]

in response to an application for a rehearing, made by the appellee's counsel, the following opinion was delivered: —

B. F. SAFFOLD, J. — In determining this case, the court did not overlook the acts adopting the Revised Code. Section 10 of the Revised Code contains the Statute of February 19, 1867, adopting it. It repeals " all acts of a public nature, designed to operate upon all the people of the State, and not embraced in this Code." The Act of July 27, 1868, was but a repetition of the 10th section. The Act of February 21, 1860, authorizing the codification, in addition to forbidding the alteration of the substance or meaning of any statute to be included therein, required " marginal references to the Session Acts of the General Assembly in which the new statutes may be found, stating also the time when passed." There could have been no reason for this, except the facility of reference for comparison. The Acts of February 6, 1858, and its amendatory Act of January 31, 1861, in reference to the liability of railroads for damages, are embraced in the Revised Code; but the latter is not correctly stated. These acts are not repealed, but are valid from the date of their enactment.

The decision in *Nashville & Decatur R. R. Co.* v. *Comans*, 45 Ala. 437, is not inconsistent with the one rendered in this case; but the latter is confirmatory of it so far as the two treat of the same matters. A rehearing is denied.