# Dane *et al. v.* McArthur.

*Motion Against Sheriff and Sureties for Money Received for Sale of Perishables, Under an Attachment.*

1. *Act approved, February* 19, 1867, *to declare judgments liens, never became law.*—The act to declare judgments liens upon the property of defendants, approved February 19, 1867, (Revised Code, §2877), not having been enacted according to the requirements of the Constitution, did not become law. (Approving *Jones v. Hutchinson*, 43 Ala. 721).

2. *Same; not made law by insertion in the Code.*—The incorporation in the Code by the commissioner of the substance of that act, as section 2877

[Dane et al. v. McArthur.]

Revised Code, under the authority given him to insert in the Code all laws of general nature passed subsequently during the session at which the Code was adopted, did not make such act *law*. The commissioner was only authorized to insert in the Code *laws*, and the act from which section 2877, *supra*, was formed, never having become a law, its insertion in the Code could not give it the force of law.

3. *Same.*—The act "to continue in force certain laws," approved July 29, 1868, speaks of *laws*, and nothing else, both in the body and the caption, and neither the caption nor the body of a statute can make such statute a law unless it had been previously enacted with the forms of law. Section 2877, Revised Code, not having been so enacted, did not become law by force of said act.

4. *Same.*—Where a subsequent statute recites section 2877, Revised Code, as an existing law, such recital does not thereby make such section an existing law.

5. *Same.*—The act under consideration (section 2877, Revised Code), can not have the force of law, because the same fails to comply with the constitutional requirement that " each law shall contain but one subject, which shall be clearly expressed in the title."—(Constitution 1868, art. 4, § 2.)

6. *Same.*—The laws embraced in the Revised Code, consist of laws that were in the old Code, laws passed during the war, and laws passed since the war, and before the said Code was finally completed and adopted; hence section 2877, Revised Code, not falling within either of such classes, never became a law.

7. *Personal notice of motion; when necessary to sustain judgment against sureties; clerical error; amendment*—Where the motion is not made against one "then an officer of the court," under section 3027, Revised Code, but against one as " late sheriff," personal service on all the sureties is required, else judgment can be sustained only against those served, or who appeared and pleaded as shown by the record. And if what appears in the record can be regarded as a judgment against such sureties it is a mere clerical error, amendable in the court below, and will be amended here—(in this case) at the cost of the sheriff, the appellant.

8. *Judgment against sheriff only; when not justified against sureties.* Where the names of the sureties are stated only in the margin of the judgment entry, and the record fails to show that proof was made as to who were the sureties on the sheriff's official bond, a judgment is not justified against any but the sheriff.

9. *Sale by sheriff; when estopped from denying that same was properly made.* When a sheriff is authorized to sell property attached, without obtaining any order therefor, it is presumable that he did his duty and sold properly, and it does not lie in his mouth to say he sold improperly, and is not therefore liable to account for the sale.

APPEAL from the Circuit Court of Mobile.

Heard before the Hon. HARRY T. TOULMIN.

On the 19th June, 1875, John McArthur, the appellee, made the following motion, which was entered on the docket:

"State of Alabama, Mobile county—Circuit Court, spring term, 1875. To Rufus Dane, Esq., as sheriff of Mobile county (late sheriff), and J. C. Chamberlain, G. Y. Overall, William Spence, James Kelly, William Otis, E. P. Gaines, the sureties on his sheriff's bond : You are hereby notified that you are required to pay into this court the money and proceeds of the sale of property, or so much as will satisfy

[Dane et al. v. McArthur.]

a judgment for $344.62, and —— dollars costs, rendered in this court on the 8th day of March, A. D. 1875, in favor of *John McArthur v. John Badgett*, for $286, and made returnable on the third day of November, 1872, to this court, on which attachment you levied and seized certain property, and which said property you sold for one thousand and sixty-six 47-100 dollars in cash, as the property of the defendant, John Badgett, and which you have failed to apply to this attachment, except the sum of 95 cents, which you have not returned into the court. And on failure to pay said sum of money into court, within one day after notice of this motion I shall move for judgment against you for three hundred and forty-four 62-100 dollars, with costs, being the amount of said judgment rendered on said writ of attachment and proceedings thereon, with interest thereon from the 8th day of March, 1875, the day on which said judgment was rendered. Said motion will be called up on the fourth day after notice of this is given to you, if the court is in session and open for business ; if not, on the fist day thereafter on which the court may be open for business.

" JOHN MCARTHUR, Plaintiff.

" ALEX. MCKINSTRY, Att'y for Plaintiff.

" Mobile, April 9, 1875."

Notice was given to Rufus Dane, by serving a copy of said motion upon him. No notice was given to the sureties.

The defendant, Rufus Dane, demurred to said motion, assigning the following grounds : *First*, it is not shown by said motion that said defendant sold said property by virtue of section 2956 of the Revised Code, by the order of the Circuit Court; *second*, it is shown, by said motion, that said attachment was received, levied, and property sold during the session of the spring term, 1872, of the Circuit Court of Mobile county, and it is not alleged that said court ordered the sale thereof; *third*, it is not shown by said motion under what law or statute the plaintiff therein claims of defendant the right to a summary judgment thereon against him. The demurrer being overruled, the defendant filed his answer, under oath, as follows : " The defendant, for answer to the motion of said McArthur, now shows to the court that on the 14th of June, 1872, he, as sheriff, received an attachment in favor of said McArthur, against John Badgett ; that said attachment was levied on certain personal property alleged to be the property of John Badgett, or Badgett and Gimon ; that afterwards, on the same day that he received and levied said attachment, an execution was placed in his

[Dane et al. v. McArthur.]

hands by the attorneys of A. A. Voss & Co., against the same defendant and W. D. Gimon, which issued out of the Circuit Court of Mobile county, *on a judgment rendered by said court on the 20th day of April,* 1872; that he also levied said execution on said property, and proceeded to advertise and sell said property under and by virtue of said execution, and also inserted said attachment levy in his advertisement, but without any order of court, and from the proceeds of sale, after deducting the costs, applied the money to the satisfaction of said execution, leaving a surplus of 95 cents, which remained in his hands, subject to said attachment, which defendant heretofore offered, and now offers to pay to said plaintiff, and has always been ready to do so.

"Defendant denies that he has collected any other or further sum of money, by virtue of said attachment, than 95 cents, and insists that said money was properly applied, *first,* to the payment of said execution."

The attachment, sheriff's return and accompanying papers, were submitted to the court. Judgment was rendered in favor of John McArthur, against Rufus Dane and the sureties on his official bond as sheriff, for three hundred and sixty-eight 9-100 dollars, with damages at the rate of five per cent. for each and every month from the 10th of April, 1875, together with costs of the motion. The appellant makes the following assignments of error:

1. Overruling the demurrer.

2. Rendering judgment against the appellant on the motion.

3. Rendering judgment against the appellant and his sureties.

4. Rendering judgment upon the pleadings and proofs as shown by the record.

BOYLES and OVERALL, for appellants.—1. The demurrer should have been sustained, because the motion fails to show that the money received by the sheriff, under section 2956, or section 2957, Revised Code, and the section authorizing this summary proceeding, is confined to "*any money thus received from the sale of perishable property.*" And the plaintiff, by the terms of his motion, fails to bring himself within this section of the Code, and does not allege that this property was sold by the order of the court, or by the sheriff, under the provisions of section 2957.

2. The court rendered judgment against Dane and the sureties, *without any production of the sheriff's bond, or a*

[Dane et al. v. McArthur.]

*copy thereof, or any proof that they were sureties,* and without any service or process on the alleged sureties, or without any one appearing for them.—See Revised Code, §§ 2695, 3026. This alone is sufficient to reverse the case.

3. It has been the opinion of the bar of the State, so far as we are informed, that judgments of courts of record were liens on property of defendants subject to levy and sale, since the passage of the act of 19th of February, 1867, and the incorporation of that act in the Revised Code, section 2877, and the adoption of the Code in 1867, and its subsequent re-adoption on the 29th July, 1868.—See Acts of 1868, p. 6; *Ray v. Thompson*, 43 Ala. 450. The validity of section 2877 is also recognized by the Supreme Court, in the case of *Jones v. Hutchinson*, 43 Ala. 725. The question in that case turned upon the validity of the act of 1867, and it was held that the bill never had passed through those constitutional formalities requisite to its being a valid law, but section 2877 was incorporated into the Revised Code, which was adopted by the legislature in accordance with all the formalities of the Constitution, and we submit that such section became a part of the law of the land as much as any part of the Code. The Revised Code was subsequently re-enacted in 1868, and although successive legislatures have met, that section still stands as part of the Code.

ALEX. McKINSTRY, *contra.*—1. There is no lien in Alabama by virtue of the judgment alone, but on the personal property it is only by virtue of the *fi. fa.* being placed in the hands of the sheriff. The attachment is a lien, by virtue of the levy.—Revised Code, §§ 2944, 2945.

2. The motion on the docket, &c., is sufficient—47 Ala. 299; Revised Code, § 3027, 2958, 2629.

3. No judgment can be arrested, annulled or set aside for matter to which objection is not previously made.—Revised Code, §§ 2805, 2811. If it was objected to, it could be amended in the court below—Revised Code, § 2810; and the Supreme Court may render the proper judgment—Revised Code, §§ 3502, 3504.

4. See, as to liens, *Hendon v. White*, January term, 1875; *Park v. Coffee, ib.; Torrey v. Wilson*, June term, 1874; *Hatchett v. Ray*, January term, 1874; *Hunt v. Lockett*, June term, 1873; *Foster v. Moody*, January term, 1873; 1 Brick. Dig. tit. "Execution," III. 869–903.

5. The record shows that all parties appeared, and no plea of *non est factum* being entered, the question did not

VOL. LVII.

[Dane et al. v. McArthur.]

arise and the sureties made no objection. If the judgment against the sureties was erroneous, it will be corrected here by the Supreme Court, against Dane, and his sureties by name, and was sufficient notice to all.—Revised Code, § 3027; 47 Ala. 299. And the judgment shows that all appeared and made no defense, except by demurrer. The appellee respectfully submits that the judgment of the court below should be affirmed—upon the authorities, and rules long existing in Alabama, and upon the law applicable to this case.

STONE, J.—In the act "to provide for the adoption, printing and distribution of the Revised Code of Alabama," approved February 19, 1867—Pamph. Acts, 718—it is enacted:

§ 1. "That the Code of Laws, revised and prepared by A. J. Walker, commissioner, pursuant to the act approved February 21, 1860, and reported to the present General Assembly, be, and the same is hereby received and adopted, as provided herein, and by said Code, as the Revised Code of Alabama, and the office of said commissioner is hereby continued for the purpose of making a full and complete index thereto; of incorporating therein all laws passed by the present General Assembly, of a public and general nature."

§ 9. "That all the provisions of the Revised Code, except such as are expressly declared by law to become of force at a different period, are of force after the term of sixty days from the date of the Governor's proclamation that the said Revised Code was printed and bound in conformity with the provisions of said act."

On the 19th day of December, 1867, the Governor, pursuant to the act of February 19, 1867, issued his proclamation, and under it the Revised Code went into operation February 17, 1868.

In the Pamphlet Acts 1867–8, p. 609, is printed what purports to be an act "to declare judgments liens upon the property of defendants," the substance of which, less the proviso, is published in the Revised Code as section 2877. This act appears to have been approved February 19, 1867, the very day on which the act adopting the Revised Code was approved, from which we have copied above. It is thus shown that this act was not embodied in the Revised Code at the time the latter was adopted, February 19, 1867. Under the clause, however, continuing the commission for the purpose of incorporating in the Code "all laws passed

by the [then] General Assembly of a public and general nature," Judge WALKER, the commissioner, embodied in the Revised Code, as it was published, the substance of said act,. as follows : § 2877. "Judgments of courts of record existing· at the passage of this law, on the 19th of February, 1867, and those rendered after that time, are liens on all the property of the defendants therein, which is subject to levy and sale."

In the case of *Jones v. Hutchinson*, 43 Ala. 721, the question came before this court, whether the act " to declare judgments liens upon the property of defendants," had been enacted according to the requirements of the Constitution ; and it was decided that it had not. We approve that decision. It results from this, that section 2877 of the· Revised Code did not become the law of this State, by the act adopting the Revised Code, approved February 19, 1867,. by its incorporation and publication in the Code, nor by the proclamation of the Governor.

In the act " to continue in force certain laws," approved July 29, 1868—Pamph. Acts, p. 7—it is declared " that all laws and parts of laws of the Revised Code of Alabama,. except such as conflict with the Constitution and laws of the· United States, or the Constitution of this State, be, and the· same are hereby declared to be in full force and effect until repealed by this or some succeeding legislature."

It will be observed that the caption and body of this statute alike speak of laws ; of nothing less. All " laws and parts of laws," is the language of the statute. Neither the caption nor the body of the statute can have the effect of making that law, which had not been previously enacted with the powers of law. Section 2877 of the Revised Code— act " to declare judgments liens upon the property of defendants," approved February 19, 1867—was not so enacted, as was well declared by this court in *Jones v. Hutchinson*, 43 Ala. 721 ; and we hold that section 2877 of Revised Code did not become law by force of the act of July 29, 1868. The known history of the times aids us much in determining· the real purpose and policy of that statute. Under the proclamations of President JOHNSON, and of Governor PAR-· SONS, the State of Alabama, after the close of the war, had adopted a constitution, known as the Constitution of 1865,. and, under it, had resumed all the functions of civil administration. Between that time and the time when what is· known as the Constitution of 1868, attempted to be adopted under the reconstruction measures, was put upon us by act,

[Dane et al. v. McArthur.]

of Congress of June 25, 1868, many statutes were enacted, and the Revised Code of Alabama was adopted.. The act was passed by the reconstructed legislature, and it was claimed by some of the supporters of, and officers under the reconstruction measures, that the acts during the war, and the acts of the JOHNSON–PARSONS government, as it was called, were, at least, irregular. The statute in question was to heal that imputed irregularity.

It is contended that the act "for the protection of *bona-fide* purchasers for a valuable consideration," approved October 10, 1868—Pamph. Acts, 266—by reciting section 2877 of the Revised Code as an existing law, thereby makes it such; that this is an enactment of it, if it was not a law before. If this be so, then by the same argument it is shown that all the numerous statutes therein recited, including the several acts approved February 8th, 1861, February 9, 1861, December 9, 1861, December 10, 1861, December 8, 1863, February 20, 1866, and February 19, 1867, are equally thereby made valid laws. This will include and make binding several acts which have been declared inoperative, and, notably the *proviso* to the act of February 19, 1867, which was declared never to have been enacted, in *Jones v. Hutchinson, supra.* The argument defeats itself, by proving too much.

But there is another answer, which is fatal to the argument. The Constitution of 1868, article 4, section 2, declares that "each law shall contain but one subject, which shall be clearly expressed in the title." Neither the caption nor the body of the act we are considering express any purpose to constitute judgments liens. On the contrary, the caption was, "for the protection of *bona-fide* purchasers for a valuable consideration;" and the body of the statute sought to limit, and in certain cases take away the lien of judgments, then supposed to exist. No one, in reading the act, could have the slightest conception that it conferred a lien. On the contrary, he would be convinced that it sought to take away, and did take away a lien, at least, supposed to exist. We can not give the effect to the statute which the argument invokes, without disregarding the provision of the Constitution above copied.

In what we have said we have ignored the act "to declare void certain judgments," &c., approved December 17, 1868, Pamph. Acts, 415. The seventh section of that act repeals section 2877 of the Revised Code. This act was declared unconstitutional in *Weaver v. Lapsley*, 43 Ala. 224. We do

not wish to disturb that decision. Neither have we commented on several decisions of this court, which sustain many of the views stated above.—See *Nicholson v. Mobile and Montgomery Railroad Co.* 49 Ala. 205 ; *Ex parte Amos*, 51 Ala. 57 ; *Martin v. Hewitt*, 44 Ala. 418 ; *Reynolds v. Taylor*, 43· Ala. 420, 433. In the case last cited, this court said : " The laws embraced in the Revised Code consist of laws that were in the old Code, laws passed during the rebellion, and laws passed since the rebellion, and before the said Code was finally completed and adopted," &c. Section 2877 of the Code does not fall within either of the classes ; and hence we hold it never became a law. We do not, by the citations above, intend, at this time, to express our approbation of all that is therein expressed.

The present motion was not made against a sheriff, who was then an officer of the court, under section 3027 of the Revised Code. The motion was against Dane as " late sheriff." This required personal service on all. Judgment could only be rendered against the principal and such of his sureties as were served—Rev. Code, § 3026 ; or, against such as appeared and pleaded. The record fails to show that any of the sureties were served, or pleaded. Dane alone appeared and pleaded. Hence, there could be no judgment against the sureties. The judgment entry adjudges that " said John McArthur have judgment in this behalf against the said Rufus Dane and the sureties on his official bond ;" stating the amount. The case was tried by the court without a jury, and the record fails to show that proof was made as to who were the sureties on Dane's official bond. The names of the sureties are stated in the margin of the judgment entry ; no where else. This did not justify a judgment against any but the sheriff.—*Le Vert v. P. & M. Bank*, 8 Por. 104 ; *Zurcher v. Magee*, 2 Ala. 253.

If what appears as the judgment entry, in this record, can be regarded as a judgment against any person except Dane, the appellant, it is a mere clerical error, amenable in the court below, and will be amended here at the costs of the appellant.—*Savage v. Walshe*, 26 Ala. 619 ; *Kennedy v. Young*, 25 Ala. 563 ; *English v. Brown*, 9 Ala. 99 ; 1 Brick. Dig. 82, §§ 180, 184, 189.

The demurrer to the motion was rightly overruled. There are conditions in which a sheriff is authorized to sell property attached, without obtaining any order therefor.—See Revised Code, § 2957. We will, if necessary, presume the sheriff did his duty, and rightfully sold. It does not lie in

[Jones et al. v. Blair.]

his mouth to say he sold improperly, and therefore is not liable to account for the money.

Judgment of the Circuit Court against Rufus Dane affirmed, but without damages adjudged on affirmance in this court; but this does not vary the judgment below, save to discharge the sureties on the sheriff's bond.