# Gamble, Ex'r, *v.* Fowler *et al.*

### *Bill in Equity to foreclose Mortgage.*

1. *Judgment not a lien; execution lien, how lost and removed.*—Judgments do not operate as liens under our statutes; it requires execution in the hands of the sheriff to create a lien on either real or personal property, which lien will be lost if an entire term of the court—from one session to another—is permitted to elapse. A new execution in the hand of the sheriff—not a reviver of the last lien—is required to create a new lien of such character.

2. *Same; when mortgage paramount lien.*—A mortgage executed after an execution lien had been created and allowed to lapse, and before such execution lien was renewed, is a paramount lien to such a renewed execution lien.

APPEAL from the Chancery Court of Henry.

Heard before the Hon. N. S. GRAHAM.

In March, 1871, Corbitt, as administrator of Lawrence, obtained in the Circuit Court of Henry county, Ala., a judgment for $587.21 against John L. Fowler. Execution issued on said judgment April 3, 1871, which was returned as follows: "Returned by order of plaintiff's attorney, August 1, 1871." "Trawick, sheriff." An alias execution issued Nov. 10, 1871, which was returned by the sheriff with the following indorsement thereon: "Sheriff will not levy this *fi-fa.* until further orders. Jan. 8, 1872." "J. A. Corbitt." No other execution was issued until Oct. 30th, 1872, which the sheriff returned indorsed as follows: "Held up by order of plaintiff's attorney, Nov. 29, 1872." The next execution was issued Nov. 19, 1875, which was returned indorsed by the sheriff: "No property found." The next execution was issued May 2d, 1876, and returned also indorsed: "No property." The next execution was issued Oct. 14, 1876, which was levied on certain lands in Henry county, Ala., described in the bill.

The bill in this case was filed Nov. 27th, 1876, and service accepted by defendant Corbitt same day. The land levied on above was sold Dec. 4, 1876, and bought by J. A. Corbitt, one of the defendants. On the 19th day of January, 1872, the complainant's testator took from said Fowler a mortgage on the lands levied on, under the execution last mentioned, to secure a debt of $1,471, due January 1, 1873. Said debt and mortgage were *bona fide* and for a valuable consideration then and there given, and complainant's testator had no actual knowledge of Corbitt's judgments. The good faith

of the mortgage and mortgage debt were shown. The question raised by the record is, "was the lien of the plaintiff in execution preserved as against the mortgagee?" The assignments of error go to the decree of the court in dismising complainant's bill, and holding that the execution lien was superior to the mortgage.

OATES & DENT, for appellant.—1. The execution which issued Nov. 10, 1871, and on which plaintiff in execution, on the 8th day of January, 1872, indorsed as follows, "sheriff will not levy this *fi. fa.* until furthers orders," was, by said indorsement, taken out of the hands of the sheriff, and that when, on the 19th day of January, 1872, eleven days afterwards, the complainant's testator, in good faith and for a valuable consideration, took his mortgage on the lands afterwards levied on, he was protected under the act "For the protection of *bona fide* purchasers for a valuable consideration."—Acts 1868, p. 266. Especially in view of the fact that no other execution was issued until Oct. 30, 1872, this court will take judicial notice of the fact, that between Jan. 8th, 1872, and Oct. 30th, 1872, two terms of the Circuit Court of Henry county had been held. We insist that under the foregoing facts the lien of the plaintiff in execution was lost.—Pamph. Acts of 1868, p. 266; Revised Code, § 2873.

2. Again, we rely on the principle that under our decisions, the acts of plaintiff in execution in holding up and suspending the execution was a constructive fraud which forfeited the lien of said plaintiff in execution as against the mortgagee under the facts in this case. We refer to the following authorities : *Albertson, Douglass & Co. v. Goldsby*, 28 Ala. 711 ; *Patton v. Hayter, Johnson & Co.* 15 Ala. 18; *Branch Bank, &c. v. Broughton, &c.* 15 Ala. 127; *Wood v. Gary*, 5 Ala. 43; *Mobley & Wife v. Leophart*, 51 Ala. 587. See, also, Bump on Fraudulent Conveyances, chap. 20, p. 496-7-8, on executions, judgments, &c.

See, further, on the power of plaintiff to control the execution, *Oswitchee Co. v. Hope & Co.* 5 Ala. 629.

HENRY R. SHORTER, *contra.*—(No brief came to Reporter.)

STONE, J.—In *Dane v. McArthur*, 57 Ala. 448, we decided that judgments do not operate as liens under our statutes. It requires execution in the hands of the sheriff to create a lien, either on real or personal property. And if, after the lien is created by delivering execution to the sheriff, an entire term, from one session of the court to another, is permitted to elapse, during which time no exe-

(37)

[Tillman v. Wood.]

cution is placed in the hands of the sheriff, the lien is thereby lost, and it requires a new execution in the hands of the sheriff, to create what, in such case, will be a new lien; not a revivor of the last lien.

Under these well established principles, the mortgage to Gamble, executed in January, 1872, operated a paramount lien on the lands embraced in it, over the claim and lien of Corbitt, administrator; and the complainant, Gamble, was entitled to relief, under his pleadings and proof. The eighty acres released, however, he has no claim on.

The decree of the Chancellor, dismissing the original bill, is reversed, and this court, rendering the decree which that court should have rendered, doth order and decree that said mortgage be foreclosed, and the register is directed to take and state an account of the amount due complainant on said mortgage debt, and report the same to said Chancery Court, for its action thereon. All other questions are reserved for decision in the court below.

Reversed and remanded.