# Mobile & Montgomery Railway Co. v. Crenshaw.

*Action for Damages against Railroad Company, for Personal Injuries.*

1.　*Sufficiency of complaint ; contributory negligence.*—In an action against a railroad company, to recover damages for personal injuries, it is not necessary that the complaint should negative contributory negligence on the part of the plaintiff, that being a matter of defense only.

2.　*Same ; averment of negligence.*—Under the liberal rules of pleading recog-

[Mobile & Montgomery Railway Co. v. Crenshaw.]

nized by the Code (§ 2978), "when the *gravamen* of the action is the alleged non-feasance or misfeasance of another, it is sufficient, as a general rule, to aver in the complaint the facts out of which the duty to act springs, and that the defendant negligently failed to do and perform, &c.; and it is not necessary to define the *quo modo*, or to specify the particular acts of diligence he should have employed." Tested by this rule, the averments of negligence in this case are sufficiently certain and definite.

3. *Demurrer; specification of causes.*—That the complaint "does not show such a state of facts as will entitle the plaintiff to recover," is only a general demurrer, and is not sufficient under the statute (Code, § 3005), which requires the causes of demurrer to be "distinctly stated."

4. *Limitation of action* —A claim for damages against a railroad company, on account of personal injuries, is not within the statute requiring claims for damages to be presented or sued on within sixty days after they accrue (Code, § 1701), but is governed by the general statute of limitations of one year (§ 3231). (*Nicholson v. M. & M. Railroad Company*, 49 Ala, 205, doubted, but adhered to.)

5. *Contributory negligence; in case of child.*—A child can be required to exercise, not so much care and caution as a person of mature years, but only so much as may be reasonably expected of one of its age or capacity; which is a matter to be determined by the peculiar circumstances of each case : what would be ordinary neglect, as towards a person of full capacity, might be gross negligence as towards a child.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. JOHN K. HENRY.

This action was brought by Joseph J. Crenshaw, an infant, suing by next friend, to recover damages for personal injuries, alleged to have been caused by the negligence and carelessness of the defendant's servants in charge of a train of cars ; and was commenced on the 20th September, 1875. The first count of the complaint claimed $20,000, " as damages for injuries to the person of plaintiff, resulting from the negligence, carelessness and unskillfulness of the servants and employes of the defendant, as follows : For that whereas the plaintiff, who is of tender years, to-wit, between five and six years of age, heretofore, to-wit, on the 22d day of February, 1875, at Greenville, in said county of Butler, was lawfully and peaceably at the defendant's depot in Greenville, when one of defendant's freight trains arrived, and ran up to the hindermost part of the said freight train, and caught hold of the bumper, a part of said train ; that he was in view of the servants and employes of the defendant, who was then and there the proprietor of and running said freight train, having a locomotive and train of cars attached thereto ; which said freight train, thus composed, was then and there under the care, management, government, and direction of two certain servants of said defendant, one of which was called a conductor, and the other an engineer; who were then and there directing and propelling the said freight train, by the agency of steam, upon and along the railroad possessed and owned by the defendant, running at, to-wit, through the said city of Greenville, and through the

said county of Butler ; and, in their directing and propelling the said freight train, the said servants of defendant were engaged in and about the business of the defendant, to-wit, on the day and year aforesaid, and in the city of Greenville, and county of Butler aforesaid : Nevertheless, the said defendant, then and there, by its said servants and employes, so carelessly, negligently, unskillfully and improperly drove, governed, moved and directed the said freight train, that by and through the carelessness, negligence and improper conduct of the said defendant, by its servants and employes in that behalf, that the said cars, or some of them, attached to the locomotive of said freight train, then and there ran upon and against the person of plaintiff with great force and violence, and thereby knocked and threw him to and upon the ground with great force and violence ; and the said plaintiff was, by means of the several premises aforesaid, then and there greatly bruised and hurt, and had one of his arms badly fractured and crushed, so that it became and was necessary to have it amputated," &c.

The defendant demurred to this count, " in short by consent," assigning the following as grounds of demurrer : " 1. The said count fails to show that it was the duty of the employes, who are alleged to have been in view of the accident complained of, to prevent it, or that they could have prevented it by the use of due diligence. 2. Said count fails to set forth facts which would render the defendant responsible ...  . . then : the averments as to negligence are mere legal conclusions, and not warranted by the facts stated. 3. Said count does not show that any of defendant's servants, for whose acts defendant was responsible in that behalf, were negligent, other than by the statement of legal conclusions. 4. And to the whole complaint, because it does not show such a state of facts as will entitle the plaintiff to recover. 5. To the whole complaint, and each count thereof, because the allegations thereof show that the injury complained of was caused by the plaintiff's negligence." The court overruled the demurrer, and the defendant then filed a special plea, averring " that plaintiff's said claim for damages was not presented in writing, within sixty days after it accrued, to the president, treasurer, superintendent, or any depot-agent of the defendant, and that suit was not brought thereon within sixty days after the claim accrued." The court sustained a demurrer to this plea, and the defendant then pleaded not guilty ; on which plea issue was joined, and a trial had ; or, as the bill of exceptions states, " the parties joined issue on the plea of not guilty, and of contributory negligence by plaintiff."

[Mobile & Montgomery Railway Co. v. Crenshaw.]

On the evidence adduced on the trial, as set out in the bill of exceptions (but which it is not necessary to state), the court charged the jury, "among other things," as follows'; "If the jury find, from the evidence, that the plaintiff was only about six years old, and that, at the time he got on the cars, if he did so, he was too young to have an appreciative sense of the danger, but was actuated by a mere childish desire to ride upon the cars, without being sensible of the danger to which he was exposed, then he would not be chargeable with contributory negligence; which facts the jury must determine, by the evidence, for themselves." To this charge the defendant excepted.

The charge of the court, and its rulings on the pleadings, as above stated, are now assigned as error.

HERBERT & BUELL, for the appellant.

GAMBLE & BOLLING, contra.

SOMERVILLE, J.—It has been settled by this court, and the proposition is otherwise well supported by authority, that "contributory negligence" is regarded as a defense which must be sustained by satisfactory evidence; and the absence of reasonable care and caution on the plaintiff's part need not be averred by him in the declaration or complaint, nor proved by him in the first instance.—*Railroad Co. v. Shearer*, 58 Ala. 672; *Gov. St. Railroad v. Hanlon*, 53 Ala. 70; *Railroad v. Gladmon*, 15 Wallace, 401; *Hoyt v. Hudson*, 41 Wis. 105 (22 Amer. Rep. 714).

2. The averment of negligence in the complaint is made with a proper degree of certainty, under the liberal rules of pleading recognized by the Code (§ 2978). As said by STONE, J., in *Leach v. Bush*, 57 Ala. 145 (154), "when the *gravamen* of the action is the alleged non-feasance or misfeasance of another, as a general rule it is sufficient if the complaint aver the facts out of which the duty to act springs, and that the defendant negligently failed to do and perform, &c. It is not necessary to define the *quo modo*, or to specify the particular acts of diligence he should have employed in the performance of such duty."—*Mobile & Ohio R. R. Co. v. Williams*, 53 Ala. 595; *Railroad Co. v. Waller*, 48 Ala. 459.

3. An averment in a demurrer, that the complaint " does not show such a state of facts as will entitle the plaintiff to recover," is a general demurrer, specifying no particular in which the complaint fails to set forth a substantial cause of

action, and avails nothing, therefore,, under the statute. *Mayor v. Coleman*, 58 Ala. 570.

The several grounds of demurrer to the first count of the complaint were, for the foregoing reasons, properly overruled.

4. It has been held by this court, in *Nicholson v. Mobile & Montgomery R. R. Co.*, 49 Ala. 205, that the limitation of sixty days, prescribed by section 1700 of the Code, within which claims for damages against railroad companies must be presented or sued on, does not apply to injuries to the person, and that, as to such claims, the statutory limitation of an action thereon is one year. Our doubts as to the correctness of this decision are not sufficiently strong to induce us to depart from it. The doctrine of *stare decisis* forbids vacillation in judicial 'decisions, without satisfactory and cogent reasons. There was no error in sustaining the demurrer to the plea presenting this defense.

5. The rules of law in regard to the negligence of an adult, and of an infant of tender years, are quite different. A child cannot be required to exercise as much care and caution as a person of mature years, but only so much as may be reasonably expected of one of his age and capacity, a matter to be determined by the peculiar circumstances of each case. On the contrary, ordinary neglect as to a person of full capacity, might be gross negligence as to a child. *Kerr v. Forgue*, 54 Ill. 482; *Railroad Co. v. Gladmon*, 15 Wall, 401; *Smith v. O'Connor*, 48 Penn. St. Rep. 218; *Government St. R. R. v. Hanlon*, 52 Ala. 70; Shearman & Red. Neg. §§ 43–44, 49; Wharton's Law Neg. §§ 309–310.

The charge given by the Circuit Court, we think, recognized this principle, and was proper.

The judgment is affirmed.