## Carlisle & Jones *v.* Godwin.

68 137<br>112 309

*Statutory Real Action in nature of Ejectment.*

1. *As to lien of judgments.*—The statute which declared judgments a lien having been held by this court to be inoperative (Rev. Code, § 2877; *Jones v. Hutchinson*, 43 Ala. 721 ; *Dane v. McArthur*, 57 Ala. 448), there is no such lien.

2. *Statutes; rule of construction.*—When a statute is unambiguous in its language, and plain in its meaning, there is no room for construction or interpretation.

3. *Lien of executions; failure to keep alive from term to term.*—The statute which declares that the lien of an execution is lost, as " between judgment creditors and *purchasers from the defendant for valuable consideration*" (Code, § 3211), is not confined by its terms to purchasers *without notice*, and the courts have no power to interpolate those words.

4. *Same; return of writ by order of plaintiff or his attorney.*—When an execution is returned, by order of plaintiff or his attorney, "No property found," after a levy on land and a claim of homestead exemption, this destroys the lien of the writ, as in favor of purchasers for value and junior execution creditors.

5. *Exemption laws, as to debts created prior to constitution of 1868.*—As to debts created before the constitution of 1868 became operative, which were excepted from its provisions, the act approved April 23d, 1873, repealed all former exemption laws, and such debts were thus left unaffected by any exemption laws, until such former laws were revived, as to those debts, by the act approved February 9th, 1877.

APPEAL from the Circuit Court of Hale.
Tried before the Hon. GEO. H. CRAIG.

This action was brought by the appellants, suing individually, against John J. Godwin, and was commenced on the 13th May, 1879. A general charge in favor of the defendant, given on his request, and the refusal of a general charge in favor of the plaintiffs, requested by them, are the only matters assigned as error. All the material facts are stated in the opinion of the court.

[Carlisle & Jones v. Godwin.]

Wm. M. Brooks, and Thos. R. Roulhac, for appellants.

W. G. Jones. Jas. E. Webb, and Thos. Seay, contra.

SOMERVILLE, J.—This is an action, in the nature of ejectment, brought under the statute by the appellants, who were plaintiffs in the court below, for the recovery of certain real estate described in the complaint. The plaintiffs claimed title under a sheriff's deed, acquired by sale under execution issued on a judgment against one J. W. Locke, the owner of the land at that time. The defendant claimed by deed of purchase from one Nelson, to whom Locke and wife had conveyed for a valuable consideration.

The agreed statement of facts shows, that the debt against Locke was created October 22, 1867, and the judgment on it was rendered in the Circuit Court of Hale county, October 28, 1874. Execution was issued December 2, 1874, and was levied on the property in controversy, December 21, 1874. The defendant in execution, Locke, put in a claim of exemption for homestead, on January 16, 1875, and on the *same day* Locke and wife conveyed to J. C. Nelson, through whom defendant derived title. On February 5th, 1875, the sheriff returned the execution "no property found," *by order of plaintiffs'* (appellants') *attorney*. From this time until April 8th, 1878, during which there was a lapse of five entire terms of the Circuit Court, no other execution was issued. A *pluries* execution was issued July 23, 1878, and an *alias pluries* on January 27, 1879. The deed from Nelson and wife to Godwin, the defendant, was made December 2, 1878; and the purchase at sheriff's sale took place April 7, 1879.

The question presented for our consideration in the case is, was the lien acquired by the issue of execution lost, as against these purchasers for value from Locke?

It is very clear that the judgment was not, under the decisions of this court, a lien on the land of Locke. The case of *Jones v. Hutchinson*, 43 Ala. 721, which declares section 2877 of the Revised Code of 1867 inoperative, as not having been enacted in accordance with the requirements of the constitution, has been repeatedly affirmed.—*Dane v. McArthur*, 57 Ala. 448; *Gamble v. Fowler*, 58 Ala. 576.

This section of the Revised Code being the only one which sought to declare judgments liens, and it being pronounced void, the appellants must rely exclusively upon the lien of their executions, issued on the judgment against Locke. If this is lost, their case must needs go with it.

This view of the case involves the construction of sections

[Carlisle & Jones v. Godwin.]

3210 and 3211 of the Code of 1876 relating to the lien of executions.

Section 3210 provides, that " a writ of *fieri facias* is a lien only within the county in which it is received by the officer, on the lands and personal property of the defendant, subject to levy and sale, from the time only that the writ is received by the sheriff ; *which lien continues* as long as the writ is *regularly issued* and *delivered* to the sheriff, *without the lapse of an entire term.*"

Section 3211 declares the right of *purchasers* as follows: "The *liens of executions,* as between different judgment creditors, and *between judgment creditors* and *purchasers from the defendant for valuable consideration,* are declared to be, that *if an entire term elapse* between the return of an execution and the suing out of an *alias,* the lien created by the delivery of the first execution to the sheriff *is lost ;* but, if an *alias* be sued out before the lapse of an entire term, and delivered to the sheriff before the sale of the property under a junior execution, the lien created by the delivery of the first execution must be preferred."

One purpose of this statute was to prevent *laches* on the part of judgment creditors, and to quicken their diligence, in keeping with the ancient and established maxim, *Lex vigilantibus, non dormientibus subvenit.*

We cannot construe these statutes, as seems to be insisted by appellant, so as to interpolate the words " *without notice,*" after the phrase " purchasers from the defendant for valuable consideration."

The proper end of judicial construction is to ascertain the legislative intention. And it is a cardinal rule, that where the statute under consideration is unambiguous in its language, and plain in its meaning, there is no room for construction or interpretation.—Sedgwick on Stat. and Const. Law, 194. " This is a case," as Lord Coke remarks, " where the words are plain without any scruple, and absolute without any saving."—2 Inst.

We are not permitted to declare, that the legislature meant to say the very reverse of what they have actually said, by fair and reasonable implication. The appellee was a purchaser for valuable consideration, within the meaning of the statute. If he had notice of the levy of the first execution, made December 21, 1874, he also had notice of its subsequent vacation and abandonment, produced by the return of " no property found " made by the sheriff under the authority of the plaintiffs' attorney. This operated as a loss of the execution lien, in favor of purchasers for value, or junior execution creditors.—Freeman on Executions, § 271 ; *Gamble*

[Carlisle & Jones v. Godwin.]

*v. Fowler*, 58 Ala. 576 ; *Br. Bank Montgomery v. Broughton*, 15 Ala. 127 ; *Hobson v. Kissam & Co.*, 8 Ala. 357. The lien of the first execution was also lost, under the express terms of the statute, by reason of the plaintiff in execution permitting more than one entire term to elapse without having other executions regularly issued on his judgment, and delivered to the sheriff.

This view of the statute is sustained by other sections of the Code, relating to the protection of creditors and purchasers against dormant conveyances. This protection is given only to "purchasers for a valuable consideration *without notice.*"—Code (1876), §§ 2166, 2168, 2170, 3462. We cannot conclude, therefore, that the legislature, when they used the word *purchaser*, intended to say *purchaser without notice*.

The additional point is made by appellee's counsel, that the property in controversy was not liable to sale under execution, because it was exempted as a homestead under the provisions of the statute.

We need not consider the influence on this case, of the decision of this court in *Melton v. Andrews*, 45 Ala. 454, which held that actual occupancy was not essential to the claim of homestead exemption, and which was overruled in *McConnaughy v. Baxter*, 55 Ala. 379, this being after this exemption claim was asserted by Locke.

It is sufficient to say, that the judgment debt due by Locke was created anterior to the constitution of 1868, and, *as to such debts*, it has been held that the act of April 23, 1873, repealed all exemption laws then in force in this State, which were not revived until February 9, 1877, under the provisions of the act of that date.—*Lovelace v. Webb*, 62 Ala.; Session Acts, 1876–77, p. 32 ; Code (1876), § 2844.

Hence, when the affidavit was made and claim of exemption was interposed by Locke, it was without the authority of any existing law, and of no legal validity.

The charge given by the court, that upon the agreed state of facts, as set out in the bill of executions, the defendant was entitled to a verdict, was correct.

The judgment is affirmed.