# Central of Georgia Railway Company *v.* Edmondson.

*Action against Railroad Company to recover Damages for Negligent Killing of Horse.*

1. *Action for killing horse; sufficient averment of negligence in complaint.*—In an action against a railroad company to recover damages for the killing of a horse, a complaint which alleges that the defendant killed the horse the property of the plaintiff "through and by reason of negligence or want of skill on the part of the defendant's agents in the management and running of its locomotive, cars or train," sufficiently charges negligence and states a cause of action, and is not subject to demurrer.

2. *Same; same.*—In such a case, a count of the complaint which alleges that the "defendant did, because of negligence or want of skill of defendant's employees in the management or running of its said trains, locomotives or cars, kill one horse, the property of the plaintiff," sufficiently charges negligence and states a cause of action, and is not subject to demurrer.

3.  *Action for negligent killing of horse by railroad train; admissibility of evidence.*—In an action against a railroad company to recover damages for the alleged negligent killing of plaintiff's horse, where it is shown that the horse ran for some distance along the defendant's track in front of the train, and the evidence shows that there was but one set of horse tracks on the road bed near the place of the accident, which tracks led to where the horse was run over and killed by the defendant's locomotive, it is immaterial whether there were other horses in the field from which the horse killed ran on to the track, and evidence as to there being other horses in said field at the time designated is immaterial and inadmissible.

4.  *Witness; cross-examination.*—On the cross-examination of a witness, it is permissible for the purpose of testing his recollection or sincerity, for him to be asked whether he is as positive to every other fact testified to by him as he is to the particular fact about which he is being asked.

5.  *Action for negligent killing of horse; charge to the jury.*—In an action against a railroad company to recover damages for the alleged negligent killing of a horse, a charge is properly given at the request of the plaintiff which instructs the jury that "if they believe from the evidence that the horse sued for was killed on account of negligence on the part of the engineer, then they must find for the plaintiff."

6.  *Same; same.*—In an action against a railroad company to recover damages for the alleged negligent killing of a horse, a charge is properly given at the request of the plaintiff which instructs the jury that "if they believe from the evidence that the engineer in charge of the train that killed the horse sued for could by keeping a proper lookout have seen the horse before he got on the track in time to check or stop the train and thereby save the life of the horse, and that he failed to keep such proper lookout, then the defendant is liable for the value of the horse."

7.  *Same; same.*—The negligent failure of an engineer on a railroad locomotive to keep a proper lookout for cattle or live stock on the track is included in the general averments of negligence in the management and running of a train; and in an action against a railroad company to recover damages for the alleged negligent killing of plaintiff's horse, where there are averments in the complaint as to negligence in the management and running of the train, and the evdence tends to show a failure on the part of the engineer to keep a proper lookout, such evidence tends to support the averments of the complaint,

22

and, therefore, it is proper for the court to submit the question to the jury and to refuse to give the general affirmative charge requested by the defendant.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by the appellee, B. W. Edmondson, against the Central of Georgia Railway Company to recover damages for the alleged negligent killing of a horse. The complaint as amended contained two counts, which were as follows: 1. "The plaintiff claims of the defendant the sum of seventy-five dollars for that, whereas, on or about the 4th day of September, 1901, the defendant killed one horse about ten years old, the property of the plaintiff, in Henry county, Ala., through and by reason of negligence or want of skill on the part of the defendant's agents in the management and running of its said locomotive, cars or train, wherefore plaintiff sues."

2. "The plaintiff further claims of defendant the sum of seventy-five dollars as damages for that, whereas, on or about the 4th day of September, 1901, defendant did because of negligence or want of skill of defendant's employees in the management or running of its said trains, locomotives or cars, kill one horse, the property of the plaintiff, in Henry county, Ala., wherefore he sues."

To each of these counts the defendant demurred upon the ground that it was not shown in said count how the defendant killed the plaintiff's horse, and that it fails to show in what the negligence of the defendant consisted. These demurrers were overruled, and the defendant duly excepted. The defendant pleaded the general issue.

On the trial of the case the plaintiff, as a witness in his own behalf, testified to the killing of the horse by a train being operated on the defendant's road; that said horse was killed in his field that he noticed tracks of the horse which was killed upon the embankment of the railroad and along the railroad for 75 or 100 yards; that at the place where these tracks went upon the em-

bankment he saw where the horse had been grazing; that the tracks showed that the horse, as he ran along the railroad track, increased his speed until he was overtaken by the train in the cut, where he was killed; that the train which killed the horse was running from east to west; that at the point where the horse went upon the track of defendant the track was straight for 200 or 300 yards, and that the engineer on a train coming from the east, keeping a proper lookout, could see the horse go upon the track at the place where the horse that was killed entered the defendant's track 200 or 300 yards before reaching such place. The plaintiff further testified that on the side of the track where the horse went upon the defendant's track the right of way was cleared for fifty feet.     Upon the cross-examination of the plaintiff by the defendant's counsel he was asked the following question: "At the time the horse, for the killing of which this suit is brought, was killed, was there not other horses in the same field in which the killing took place?"     The plaintiff objected to this question, the court sustained the objection, and to this ruling the defendant duly excepted.     There were other witnesses introduced by the plaintiff whose testimony corroborated that of the plaintiff.

The defendant introduced as a witness one Calloway, who testified that he was an engineer of many years' experience, and that he was the engineer on the engine that killed plaintiff's horse; that just before the accident he was keeping a steady lookout, and if the horse had been on the track he could have seen him 200 or 300 yards from the place where the horse went upon the track of the defendant; that the engine and train were equipped with the best appliances and such as were in use upon well regulated railroads; that the horse was not grazing near the railroad track, and he did not see him until he ran out of the woods that skirted the right of way and ran up the embankment and upon the track about fifty yards in front of the engine; that the train was running at the rate of twenty miles an hour; and that as soon as he saw the horse running towards the railroad track he blew the cattle alarm, reversed the engine, applied the air brakes with

which the engine and train was equipped, and did all that was known to skillful engineers to stop the train and prevent the accident; but that it was impossible to prevent the accident after the horse was seen. The fireman who was on the engine at the time of the accident was introduced as a witness for the defendant, and testified to substantially the same facts as those testified to by the engineer, and further testified that as soon as he saw the horse coming on the track he rang the bell.

During the cross-examination of Calloway, the engineer, plaintiff's counsel asked him the following question: "Are you as positive about everything else about which you have testified in this case as you are that you blew the whistle or rang the bell when you passed the blow point east of where the horse was killed?" The defendant objected to this question upon the ground that it called for illegal and irrelevant evidence and asked for the opinion of the witness and was an improper method of examining the witness. The court overruled the objection, and the defendant excepted.

Upon the introduction of all the evidence the court, at the request of the plaintiff, gave to the jury the following written charges: (1.) "The court charges the jury that if they believe from the evidence that the horse sued for was killed on account of negligence on the part of the engineer, then they must find for the plaintiff." (2.) "The court charges the jury that if they believe from the evidence that the engineer in charge of the train that killed the horse sued for could, by keeping a proper lookout, have seen the horse before he got on the track in time to check or stop the train and thereby save the life of the horse, and that he failed to keep such proper lookout, then the defendant is liable for the value of the horse."

The defendant separately excepted to the giving of each of these charges, and also separately excepted to the court's refusal to give the following charge requested by it: (1.) "The court charges the jury that if they believe the evidence in this case, they must find for the defendant."

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were re-. served.

ESPY, FARMER & ESPY, for appellant.—The complaint did not state a substantial cause of action. It should have averred facts showing the negligence complained of.—*Leech v. Bush*, 52 Aa. 145; *Crenshaw v. Railway Co.*, 65 Ala. 569.

The rulings of the court upon the charges requested were erroneous. There was a variance between the allegations of the complaint and the proof. It was not shown that there was negligence in the management and running of the locomotive or train, but the only evidence introduced by the plaintiff had a tendency to show that the engineer failed to keep a proper lookout. Under such proof the general affirmative charge requested by the defendant should have been given.—*K. C., M. & B. R. R. Co. v. Watson*, 91 Ala. 483; *Hembree v. R. R. Co.*, 85 Ala. 481; *Raines v State*, 88 Ala. 98.

LEE & KOONCE, *contra.*—The demurrers to the first and second counts of the complaint were properly overruled.—*R. R. Co. v. Watson*, 88 Ala. 453; *West. R. v. Sistrunk*, 85 Ala. 353; *S. & N. R R. Co. v. Thompson*, 62 Ala. 494, and cases cited.

The charges requested by the defendant were properly given.—*So. R. Co. v. Rivers*, 29 So. Rep. 594; *Chat. So. R. Co. v. Wilson*, 124 Ala. 444.

The defendant was not entitled to the general affirmative charge in its behalf.—*A. G. S. R. R. Co. v. Boyd*, 27 So. Rep. 499; *Cen. of Ga. R. R. Co. v. Wood*, 29 So. Rep. 776; Code of 1896, § 3440.

DOWDELL, J.—The complaint was not open to the demurrer interposed.—*K. C., M. & B. R. R. Co. v. Watson*, 90 Ala. 41; *Western R'y Co. v. Lazarus*, 88 Ala. 453; *Western R'y of Alabama v. Sistrunk*, 85 Ala. 353; *M. & M. R'y v. Crenshaw*, 65 Ala. 566; *S. & M. R'y Co. v. Thompson*, 62 Ala. 494.

The evidence showed that there was but one set of horse tracks on the road-bed near the place of the accident, and which led down to where the horse was run over and killed by defendant's locomotive. In view of this undisputed fact, it was altogether immaterial whether there were other horses in the same field, in which the horse in question was killed. The one set of tracks were traced from where the grazing on the right of way of defendant's road was seen, down the road-bed to the point of killing, and there was no evidence of any other tracks coming onto the road-bed between those points. It is true there is a dispute as to the distance from where the horse first came on the railroad to where he was struck, but this difference in the testimony as to distance raised no conflict as to the one set of horse tracks, and consequently the evidence to which objection was sustained was irrelevant, since it could have been offered for no other purpose than to show that some other horse in the field made the tracks testified to. There was no error in sustaining the objection to the question as to whether there were other horses in the same field.

On a cross-examination of a witness in the test of his recollection or sincerity, the court may very properly allow such witness to be asked whether he is as positive as to every other fact testified to by him as he is as to the particular fact then asked about. It involves a different proposition from that in the case of *Raines v. State*, 88 Ala. 98, cited by counsel for appellant. Here was no attempt to have the witness to institute a comparison between the truthfulness of different parts of his testimony, but to ascertain the degree of recollection with which the witness testified. Moreover, upon the cross-examination of a witness in testing his sincerity or recollection much is left to the discretion of the trial court in the latitude and range of questions, and even to the extent sometimes of asking questions that elicit irrelevant matter. The court committed no error in permitting the question to be asked.

Written charges one and two given at the request of the plaintiff, in a case similar in its facts to the present

case, were pronounced good and the giving of them free from error.—*Chattanooga So. R'y Co. v. Wilson*, 124 Ala. 444.

It is insisted by counsel for appellant that there was a variance between the allegations of the complaint and the proof, or that there was a failure of proof as to the averment of negligence in the management and running of the train, and for this reason the court should have given the affirmative charge requested by the defendant. The negligent failure to keep a proper lookout for cattle and live stock on the track is embraced in the general averment of negligence in the running of the train. There was evidence tending to show such failure on the part of defendant's employes or agents in control of the locomotive to keep a proper lookout, and the court thereupon properly submitted this question to the jury.

We find no error, and the judgment of the court below will be affirmed.