[Tennessee Coal, Iron & R. R. Co. v. Smith.]

# Tennessee Coal, Iron & R. R. Co. v. Smith.

## Damage for Injury to Employce.

(Decided Feb. 2, 1911. Rehearing withdrawn April 28, 1911. 55 South 170.)

1. *Master and Servant; Injury to Servant; Complaint.*—Although the relation of master and servant is shown by other allegation, a complaint by a servant against the master based on the master's negligence, must show actionable negligence and injury proximately caused thereby; hence, a mere averment that injuries were proximately caused by reason of the negligence of the master, is not sufficient.

2. *Same.*—In action by a servant against a master, a coal operator, a complaint which alleges that while the plaintiff was in the discharge of his duties, a tram car was derailed in an entry and struck and injured him, and that the injuries were proximately caused by reason of a defect in the condition of the ways, works, etc., in that the entry was in a defective condition, does not state a cause of action under subdivision 1, section 3910, Code 1907, as it does not describe the defects with such particularity as to inform the operator of the mine of what he must defend and fails to charge any general or specific negligence.

3. *Pleading; Complaint; Demurrres.*—When a complaint is attacked by demurrer for uncertainty in averment, it is construed most strongly against the plaintiff.

4. *Negligence; Pleading.*—When a complaint shows, in a negligence case, a duty owed by defendant to the plaintiff and a negligent breach thereof, to plaintiff's injury, general averments of negligence were sufficient; but merely alleging that a certain act is negligence, is not sufficient.

5. *Same.*—The general rules of pleading apply to negligence actions, and reasonable certainty in the statement of essential facts is required; hence, a complaint must show a duty owing plaintiff by defendant, and a breach, of such duty must be shown by the statement of facts from which the duty flows as a matter of law.

6. *Same.*—The provisions of section 5321, Code 1907, do not change the principle that negligence does not create a cause of action, unless there is a breach of duty, and the complaint must state the facts from which rise the duty, and where the facts alleged show no duty, a duty cannot be established by facts not alleged.

7, *Same.*—In an action for negligence, the complaint must show that the negligence complained of is actionable as against the defendant, otherwise it is insufficient against a specific demurrer pointing out the defect.

8. *Same; Actionable Negligence.*—Actionable negligence is the failure to discharge a legal duty to the person injured.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Action by Richard H. Smith against the Tennessee Coal, Iron & Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The first count is as follows: "The plaintiff claims of defendant the sum of $15,000 as damages, for this: That heretofore, on, to wit, the 11th day of January, 1909, the plaintiff was in the employment of and working for the defendant in and about the operation of its coal mine, at Johns, in Jefferson county, Ala., and was in the discharge of his duties in the line and scope of his employment, and that while plaintiff was so engaged in the discharge of his duty one of defendant's tram cars became and was derailed and thrown off the tram track in what was called and known as second east entry in slope No. 4, and when said car was so derailed or thrown off the track, it struck the plaintiff and caught his left leg against or between the car and rib of said mine in said entry, and greatly crushed, bruised, and mangled the same, so that it was necessary to have his leg amputated, and it was amputated. [Here follows a catalogue of special damages suffered.] And plaintiff avers that his said injuries and damages were proximately caused by reason of the negligence of the defendant. Wherefore plaintiff sued and claims damages."

The demurrers were as follows: (1) "Said complaint does not set forth a cause of action against the defendant, in that it does not appear that the defendant was guilty of such negligence as to make it responsible for plaintiff's injuries." (2) "It does not appear how plaintiff's injuries were proximately caused by reason of the negligence of the defendant." (3) "For aught that ap-

pears, the negligence complained of was the negligence of a fellow servant of the plaintiff." (4) "It does not appear how said tram track was defective and in an unsafe condition."

Count 4 is as follows: "Plaintiff adopts and makes part of this count all of the first count down to and including the words, 'and he was permanently injured and disabled.' being all of the count down to the second paragraph thereof, and adds the following: 'And plaintiff avers that his said injuries and damages were proximately caused by reason of a defect in the condition of the ways, works, machinery, or plant connected with or used in the said business of the defendant, in that said mine entry was in a defective and unsafe condition, and that said defect arose from, or had not been discovered or remedied owing to, the negligence of the defendant, or of some person in the service or employment of defendant, and intrusted by it with the duty of seeing that its ways, works, machinery, or plant were in proper condition.' Wherefore plaintiff sues and claims damages as aforesaid."

Demurrers assigned to count 1 are reassigned to count 4, with the following additional grounds: (1) "It does not appear how or in what respect said mine-entry was defective." (2) "The allegations in respect to said defect are too vague, indefinite, and uncertain." (3) "The defect as alleged does not constitute a defect within the terms of the employer's liability statute." (4) "It does not appear that there was such a defect in the ways, works, machinery, or plant connnected with or used in the business of the defendant as to make this defendant responsible for the injuries complained of."

PERCY, BENNERS & BURR, for appellant. Count 1 was subject to the demurrers interposed as it did not make a

cause of action under the Employer's Liability Act.—
*Seaboard M. Co. v. Woodson,* 94 Ala. 143; *U. S. R. S.
Co. v. Weir,* 96 Ala. 396. It was equally defective as a
common law count. Count 4 was subject to the demur-
rers interposed.—*L. & N. v. Jones,* 130 Ala. 470; *Jack-
son L. Co. v. Cunningham,* 141 Ala. 213; 13 Cyc. P. &
P. 908.

ESTES, JONES & WELCH, for appellee. If there is any
error in the action of the court on the pleading, it was
cured by the court in the course of the trial.—124 Ala.
638; 124 Ala. 245; 3 Mayf. 396. Counsel criticize the
authorities cited by appellant and insist that they are
not applicable, and insist that under the authority of
*So. Ry. Co. v. Arnold,* 50 South. 593, and *Ensley Ry Co.
v. Chewing,* 93 Ala. 96, that the court was not in error
in overruling demurrer to the 1st count. They further
insist that the 4th count was good, and in support there-
of cite.—*West P. C. Co. v. Andrews,* 43 South. 348; *A.
G. S. v. Davis,* 119 Ala. 572; *McNamara v. Logan,* 100
Ala. 187.

MAYFIELD, J.—The reporter will set out in his
statement of facts in reporting this case the first and
fourth counts of the complaint and the grounds of de-
murrer thereto.

The action is by a servant against the master. It is
based solely upon negligence. The counts, therefore, to
state a good cause of action, must show actionable neg-
ligence on the part of the defendant, and injury to plain-
tiff proximately caused thereby. The only allegation as
to negligence in the first count is as follows: "That said
injuries and damages were proximately caused by rea-
son of the negligence of defendant." This is not suffi-
cient, nor is it made sufficient by the other allegations

[Tennessee Coal, Iron & R. R. Co. v. Smith.]

showing the relation of master and servant between the parties. All negligence is not actionable, and pleadings, to be sufficient to state a cause of action grounded on negligence, must affirmatively show that the negligence relied upon is actionable.

If pleadings as to negligence show a duty owed by the defendant to the plaintiff, and a breach of that duty to the damage or injury of plaintiff, very general averments of negligence will suffice. As is often said, they need be but little more than conclusions; but the duty and its breach must be shown. Merely alleging that a given act was negligence or was negligently done, without more, is not sufficient. Such pleadings may allege negligence, but the trouble is it is not in such cases 'actionable negligence."

Actionable negligence has been defined by this court to be "the failure to discharge a legal duty to the person injured. If there is no duty, there is no negligence. Even if the defendant owes a duty to some one else, but does not owe it to the person injured, no action will lie. The duty must be to the person injured." *Southern Railway Co. v. Williams,* 143 Ala. 217, 38 South. 1014. In every action grounded solely on negligence there are three essential elements to a right of recovery; First, a duty owing from defendant to plaintiff; second, a breach of that duty; and third, an injury to plaintiff in consequence of that breach. The rule has been thus clearly and succinctly formulated by the Supreme Court of Indiana,—*Faris v. Hogerg,* 134 Ind. 274, 33 N. E. 1029, 39 Am. St. Rep. 265; "In every case involving actionable negligence there are necessarily three elements essential to its existence: (1) The existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains: (2) a failure by the defendant to perform that duty; and (3) an injury to the plaintiff

from such failure of the defendant. When these elements are brought together, they unitedly constitute actionable negligence. The absence of any one of these elements renders a complaint bad or the evidence insufficient."

The true rule as to pleading negligence is thus stated in 29 Cyc. p. 365 et seq.; "The general rules of pleading apply to actions for negligence. Reasonable certainty in the statement of essential facts is required to the end that a defendant may be informed of what he is called upon to meet at the trial. Facts showing a legal duty and the neglect thereof on the part of defendant, and a resulting injury to plaintiff, should be alleged, but no great degree of particularity is required. * * * In order to maintain an action based on negligence, the declaration or complaint must show the existence of some duty which defendant owed plaintiff, and, in addition, must allege a breach of such duty. Failure to specifically aver the duty of defendant and the breach should be taken advantage of by demurrer and the objection cannot be made for the first time in the appellate court. * * * The duty of defendant must be shown by a statement of facts from which the duty follows as a matter of law. A mere general allegation of the existence of a duty is insufficient, and such general averment is a conclusion of law. Nor will the characterization of an act as negligent supply an omission to allege facts showing omission of duty. Allegations of facts from which the duty arises are sufficient without showing the details, and the manner in which the duty was imposed need not be alleged." And the rules are thus stated in 14 Encyclopedia of Pleading and Practice, p. 331 et seq.: "The complaint or declaration in an action for negligence should allege a duty owing to the plaintiff by the defendant, or state facts from which the law will imply

[Tennessee Coal, Iron & R. R. Co. v. Smith.]

the duty.   *   *   *   A general averment that it was the defendant's duty to do the thing alleged to have been omitted is insufficient. The facts or circumstances from which the law will imply the duty should be stated. *   *   * The complaint or declaration in an action for negligence should allege a breach or negligent performance of the duty owing the plaintiff by the defendant. *   *   * The rule is well-nigh universal that in an action for negligence the plaintiff need not set out in detail the specific acts constituting the negligence complained of, as this would be pleading evidence." These rules have been thus often stated by this court: "When the gravamen of the action is the alleged nonfeasance or misfeasance of another, as a general rule it is sufficient if the complaint aver the facts out of which the duty to act springs, and that the defendant negligently failed to do and perform. It is not necessary to define the quo modo, or to specify the particular acts of dilligence he should have employed in the performance of such duty."—*Leach v. Bush,* 57 Ala. 145; *Mobile & Ohio R. R. Co. v. Williams,* 53 Ala. 595; *Mobile & Montgomery R. R. Co. v. Crenshaw,* 65 Ala. 566; *L. & N. R. R. Co. v. Jones,* 83 Ala. 376, 3 South, 902; *Armstrong v. Montgomery Street Ry. Co.,* 123 Ala. 233, 26 South. 349; *Central of Georgia Ry. Co. v. Foshee,* 125 Ala. 199, 27 South. 1006; *Central of Georgia Ry. Co. v. Edmondson,* 135 Ala. 336, 33 South. 480.

While we have many cases which hold that very general averments as to negligence are sufficient, and that such averments are often little more than conclusions, yet the negligence averred, in general terms though it be, must be actionable. It must be shown that the defendant has failed to discharge a legal duty owing to the plaintiff, and that the plaintiff was injured in consequence thereof. If there is no duty alleged, there can be no action-

able negligence. This is clearly stated by this court in the case of *Ensley Co. v. Chewing,* 93 Ala. 26, 9 South, 458, in which opinion various other decisions of this court are reviewed and explained, and in which one was overruled. The court, after stating the rules as to generality of pleading as to negligence, which we have heretofore quoted, concluded as follows: "A general averment of negligence has been held sufficient, when the complaint averred that the plaintiff sustained the relation of passenger to the railroad company, or was an infant of tender years, not capable of contributory negligence, or that the injury was to stock.—*L. & N. Railroad Co. v. Jones,* 83 Ala. 376, 3 South. 902; *Mobile & Montgomery Railway Co. v. Crenshaw,* 65 Ala. 566; *S. & N. Ala. R. R. Co. v. Thompson,* 62 Ala. 494. The statement of either of the foregoing facts has been regarded as a sufficient averment of facts showing the duty to act; but in no case, except in *Alabama & Florida R. R. Co. v. Waller,* 48 Ala. 459, has a general averment of simple negligence been held sufficient, when not accompanied by an averment of facts from which the duty originates. In that case the death of the plaintiff's intestate resulted from a collision. The complaint, as in this case, did not state that the decedent was a passenger or employee, or had any connection with the railroad company. The ruling that the complaint contained a proper statement of facts was based on the erroneous principle that the collision itself, and the consequent death of the plaintiff's intestate, were facts sufficient to create a presumption of negligence, for which the defendant was responsible. The *Chewning case* has been repeatedly followed, and never overruled, by this court.

The Supreme court of New Jersey, in the case of *Breese v. Trenton R. R. Co.,* 52 N. J. Law. 250, 19 Atl. 204, clearly pointed out the defects in such counts as

this: "The rule upon the subject is thus stated by Addison in his work on Torts: 'The decisions, observes Lord Campbell, show that the allegation of duty in a declaration is in all cases immaterial, and ought never to be introduced, for, if the particular facts set forth raise the duty, the allegation is unnecessary, and, if they do not, it will be unavailable. If the particular facts stated in the declaration do not raise the duty, it cannot be established by other facts not stated. The declaration, therefore, must stand or fall by the facts stated. Negligence creates no cause of action unless it expresses or establishes some breach of duty.'—2 Add. Torts, § 1338." It has been frequently decided by this court that no greater degree of particularity is required as to averments of negligence in actions under the employer's liability act (Code 1907, §§ 3910-3913) than is required with respect to any other negligence counted on for a recovery of damages; but it has never been decided that less is required in the one case than in the other. Our Code provisions have wrought no changes as to these necessary averments in negligence cases.

The Code requires that all pleadings be as brief as is consistent with perspicuity, and the presentation of the facts or matter to be put in issue, and that no objections can be allowed for defect of form; but the Code requires that facts must be so presented that a material issue in law or in fact can be taken by the adverse party. Code, § 5321. The Code has not change the fundamental principles of law and pleading (1) that negligence creates no cause of action unless it expresses or establishes some breach of duty; (2) that facts must be alleged which raise the duty; and (3) that, if such facts as are alleged show no such duty, the duty cannot be established by other facts which are not alleged. It is, however, not contended that count 1 will not support a cause of ac-

tion; but it is insisted that it is defective and is subject to the grounds of demurrer assigned, and that the demurrer should have been sustained.

It should be made to appear that the negligence is actionable, as above defined, and that it is actionable as against the defendant; otherwise, it is not sufficient against a special demurrer pointing out the defect.

The fourth count declares under the first subdivision of section 3910 of the employer's act, alleging a defect in the ways, works, machinery, plant, etc. The defect is described as follows: "In that said mine entry was in a defective and unsafe condition." This averment is entirely too indefinite and uncertain. The defect should be described with such particularity as to inform the defendant of what he is called on to defend. The allegation could scarcely be any more uncertain or indefinite than it is. Probably, if the word "entry" was omitted, it would be a little more indefinite. If so, this is the only thing that could add to its uncertainty. It appears from the complaint that the mine had more than one entry. It appears that a tram car was thrown off its track in second east entry in slope No. 4, which caught and crushed plaintiff's leg against the rib of said mine. It therefore appears (inferentially, at least) that defendant's mine had four slopes, and that one of these slopes had more than one entry—how many more does not appear.

The complaint, when assailed by demurrer for uncertainty in averments, must be construed against the plaintiff. It does not appear which one of these various entries was defective, nor that it was the one in which plaintiff received his injuries. It is difficult to understand how a defect in one entry in a mine could throw a tram car off the track in another entry and injure plaintiff; yet this must appear, in order for this count

[Tennessee Coal, Iron & R. R. Co. v. Smith.]

to state a good cause of action. It must be construed most strongly against the pleader. But, if this were not so, if we should construe it as alleging a defect in the entry in which the accident happened, the count then wholly fails to show the necessary relation of cause and effect. It does not at all appear how a defect in an entry to a mine would probably derail a tram car passing through such entry. Many could be conjectured which might have that effect. The tram track laid in the entry might be defective in such manner as to throw the car off the track; or the entry might not be high or wide enough for the passage of the car, in which event the car would strike against the roof or the ribs of the entry and be thrown off the track, or the car itself might be defective in such manner that it would fall off the track. It is doubtful, however, if the tram track or the cars running thereon are a part of the entry, though they do pass through it. They are, of course, a part of the ways, works, or machinery of the mine, but not necessarily so as to the entry, though as to this we do not decide. If the cars are pulled by mules, as they often are, the mules would be a part of the plant; but would they be a part of the entry? If the defect complained of was in the tram track, or the tram car, or in the roof or the rib of the entry, in such way as to render the master liable on account of it, it could and should have been so alleged. There is no attempt in this complaint to particularize as to the negligence or the defect complained of, but the attempt is to generalize; and it is carried to such an extent that the complaint wholly fails to show any relation of cause and effect between the negligence or defect alleged, if any, and the injury suffered.

Construing the complaint most strongly against the pleader, as we are required to do, it wholly fails to aver

any actionable negligence, general or specific. In short, it wholly fails to aver any wrong on the part of the defendant, which proximately resulted in the injury to plaintiff complained of.

The trial court and appellee evidently relied upon the cases of *Jackson Lumber Co. v. Cunningham*, 141 Ala. 213, 37 South. 445, and *A., G. S. R. Co. v. Davis*, 119 Ala. 573, 24 South. 862. These cases certainly went to the limit of generality of averment as to negligence in actions like this; but we think the complaint in this case has gone a step further, as we have above tried to point out, and we are not willing to so extend the rule. Generality of averment in pleadings as to negligence carried to the extent to which it is carried in this complaint tends neither to expedite the business of the court, nor to insure correctness in adjudications of the rights of litigants.

The demurrers to the first and fourth counts of the complaint should have been sustained.

Reversed and remanded.

SIMPSON, ANDERSON, and SAYRE, JJ., concur. SOMERVILLE, J., concurs as to first count. DOWDELL, C. J., and McCLELLAN, J., dissent.