# Tarrance *v.* Chapman, *et al.*

### Damages for Fire.

(Decided April 6, 1916.   71 South. 707.)

1. **Negligence; Complaint; Sufficiency.**—Where the action was for damages for burning plaintiff's residence, the fire being communicated thereto from defendant's house, and alleged to have originated from a defective chimney, a count alleging damages and destruction by fire of defendant's house and contents, and that defendant's negligence caused such fire to be communicated was not sufficient because it failed to show any duty owed by defendants to plaintiff and a breach thereof; mere proof of damage or destruction of the property by fire will not of itself authorize an inference of negligence, the rule as to locomotives having no application here.

2. **Same; Violating Ordinances or Statutes.**—The violation of a statute or of a valid city ordinance which proximately causes an injury, per se creates a cause of action, and establishes liability.

3. **Same; Complaint; Municipal Ordinance.**—A count in a complaint alleging violation of a city ordinance in regard to the construction of chimneys or flues, which did not allege whether defendant's house was constructed before or after the passage of the ordinance, will be construed as if showing that the house was constructed prior to the passage of the ordinance.

4. **Municipal Corporation; Ordinances; Construction.**—The ordinance considered and stated, and it is held not violated by one whose house had been previously constructed, until such person shall have been notified by the inspector, as provided in the ordinance.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by J. D. Tarrance against A. L. Chapman and another, for damages for setting fire to and burning his house. Judgment for defendants, and plaintiff appeals.   Affirmed.

Count 1 is as follows:   Plaintiff claims of defendant $5,000 as damages, for that heretofore, to-wit, on or about 25th day of April, 1912, plaintiff owned and was occupying with his family, a residence at 817 Forty-Ninth street, in the city of Birmingham, Ala., and owned a large amount of furniture, goods, and effects in said residence, together with improvements and articles in and upon the curtilages thereof; that on said date said residence and said furniture, goods and effects, and articles were greatly damaged or destroyed by fire, and as a proximate consequence thereof were lost to plaintiff, or rendered of greatly less value to plaintiff, and plaintiff was greatly inconvenienced, vexed,

etc. Plaintiff avers that defendant's negligence caused such fire to be communicated to said residence, and to cause plaintiff's said loss and damage.

Count 6: Plaintiff adopts all of the words of the first count, to and including the claim for injuries and damages caused by said fire, and adds thereto the following: Defendants maintained a flue or chimney on certain premises in said city near to said residence of plaintiff in a manner which was dangerous to plaintiff's said residence, and said flue or chimney was not a part of a wall, nor was it resting on the ground or on iron hangers or plates, and was maintained by defendant in violation of an ordinance of said city of Birmingham, to-wit, section 110, of the City Code of Birmingham, Ala., then in force and effect as follows: "If any chimney, flue, or heating apparatus on any premises shall be constructed or maintained in any manner which is dangerous to said premises, or any house, building or erection situated thereon, or on adjoining premises, or premises near by, the inspector shall at once notify the owner, agent or person in charge or control of said premises, on which the said chimney, flue or heating apparatus is situated. If such person so notified fails for a period of 48 hours after the service of such notice upon him to place such chimney, flue or heating apparatus in safe condition, he shall be liable to a fine as prescribed in this chapter; provided, that any chimney or flue not forming a part of a wall and not resting on the ground or on iron hangers or plates, is hereby declared to be unlawful, and is condemned and adjudged to be dangerous as set out in this section; but this provision cannot be construed to be an exclusive statement of every dangerous condition, and any and all other dangerous conditions shall be subject to this section. Provided, further, that all chimneys, flues, or heating apparatus on premises constructed prior to the 17th day of May, 1905, shall be considered safe if they form part of a wall or rest on the ground, or on iron hangers or plates, and that any person notified as set out above in reference to any such chimney, flue or heating apparatus, shall be deemed to have complied with such notice, if any such chimney, flue or heating apparatus is made to conform with the requirements contained in this proviso; provided, further, that all chimneys, flues and heating apparatuses constructed since the 17th day of May, 1905, shall conform to all the terms and conditions of this chapter." And as a proximate consequence of said

[Tarrance v. Chapman, et al.]

violation of said ordinance by defendant, the building on which said flue or chimney was caught fire and set fire to plaintiff's said residence, and proximately caused plaintiff to suffer the injuries and damages.

Count 2 set out section 29 as to the thickness of the wall of chimneys and the height above the roof, and the size of the flues, section 70, having reference to party walls, and section 71 having reference to smoke flues being lined with cast iron or fireproof terra cotta pipe from the bottom of the flue to the top of the chimney. Count 7 alleges that defendant negligently maintained a certain flue or chimney on certain premises in said city near said residence of plaintiff in a manner which was dangerous to plaintiff's residence, and that said flue or chimney was not a part of a wall, nor was it resting on the ground or on iron hangers or plates, and was maintained by defendant in violation of an ordinance of the city of Birmingham, to-wit, section 110 of the City Code of Birmingham, then and there in force and effect, which ordinance is set out in count 6, and is here referred to and made a part hereof.

HARSH, BEDDOW & FITTS, for appellant. STOKELY, SCRIVNER & DOMINICK, and F. W. SMITH, for appellee.

GARDNER, J.—Suit by appellant against appellees for the recovery of damages for the burning of plaintiff's residence and the contents thereof, to which residence fire was communicated from the burning of a house owned or maintained by the defendants, near by to plaintiff's said residence, in the city of Birmingham. The fire which burned the defendants' house is alleged to have originated from a defective flue or chimney. The trial court sustained demurrers to some of the counts of the complaint; and on account of these adverse rulings on the pleadings the plaintiff took a nonsuit and prosecuted this appeal.

The argument of appellant's counsel is addressed to the rulings of the court on counts 1, 2, 6, and 7. In *Tennessee Coal, Iron & Railroad Co. v. Smith,* 171 Ala. 251, 55 South. 170, is the following: "All negligence is not actionable, and pleadings, to be sufficient to state a cause of action grounded on negligence, must affirmatively show that the negligence relied upon is actionable. If pleadings as to negligence show a duty owed by the defendant to the plaintiff, and a breach of that duty to the dam-

age or injury of plaintiff, very general averments of negligence will suffice. As is often said, they need be but little more than conclusions; but the duty and its breach must be shown. Merely alleging that a given act was negligence or was negligently done, without more, is not sufficient. * * * Actionable negligence has been defined by this court to be 'the failure to discharge a legal duty to the person injured. If there is no duty, there is no negligence. * * * In every action grounded solely on negligence there are three essential elements to a right of recovery: First, a duty owing from defendant to plaintiff; second, a breach of that duty; and, third, an injury to plaintiff in consequence of that breach."

(1) A casual reading of count 1 discloses that it fails to show any duty owing by the defendants to the plaintiff and a breach thereof. It requires no argument to show its insufficiency under the decisions of this court.—*T. C., I. & R. R. Co. v. Smith, supra.* Mere proof of the damage or destruction of the property by fire, in a case of this character, does not, of itself, authorize an inference of negligence.—*Robinson v. Cowan,* 158 Ala. 603, 47 South. 1018. An exception to the general rule as to locomotives, and possibly other agencies of like power and utility (*L. & N. R. R. Co. v. Marbury,* 125 Ala. 237, 28 South. 438, 50 L. R. A. 620; *L. & N. R. R. Co. v. Reese,* 85 Ala. 497, 5 South. 283, 7 Am. St. Rep. 662), has no application to this case (*Robinson v. Cowan, supra*).

The ruling of the court on counts 2, 6, and 7 involved the question as to the violation of a city ordinance, and is treated by counsel for appellant in their brief as the question of prime importance on this appeal. Count 6 sets out the ordinance and seems to have been prepared with much care. We will therefore discuss this count alone, as we think that our conclusion thereon necessarily controls the result as to counts 2 and 7 also.

It is the insistence of appellant that the violation of a statute or of a valid city ordinance, the proximate cause of the injury, per se creates a cause of action and establishes liability.—*Excelsior Steam Laundry Co. v. Lomax,* 166 Ala. 612, 52 South. 347; *Briggs v. Birmingham R., L. & P. Co.,* 188 Ala. 262, 66 South. 95; *Wolf v. Smith,* 149 Ala. 457, 42 South. 824, 9 L. R. A. (N. S.) 338; 7 Mayf. Dig., p. 634; McQuillin on Munic. Ord. § 41; *Parker v. Barnard,* 135 Mass. 116, 46 Am. Rep. 450; *Bott v. Pratt,* 33 Minn. 323, 23 N. W. 237, 53 Am. Rep. 47.

[Tarrance v. Chapman, et al.]

(2) It must be conceded in the instant case that plaintiff is shown to come clearly within the class for whose protection, largely, the ordinance in question was enacted; and, the reasonableness and validity of the ordinance being unquestioned, the general rule, as above stated, contended for by counsel for appellant, is here recognized.

(3) It remains, therefore, to ascertain whether or not the count shows that in fact the ordinance set out therein has been violated by the defendants. The count is silent as to whether or not the defendants' house was constructed before or after the passage of this ordinance. Under our rule of construction of pleadings, the count will be considered as if showing that the house was constructed prior to the passage of said ordinance. The provisions of the ordinance as copied in count 6 are as follows: "If any chimney, flue or heating apparatus on any premises shall be constructed or maintained in any manner which is dangerous to said premises, or any house, building or erection situated thereon, or on adjoining premises or premises near by, the inspector shall at once notify the owner, agent or person in charge or control of said premises on which the said chimney, flue or heating apparatus is situated. If such person so notified fails for a period of forty-eight (48) hours after the service of such notice upon him to place such chimney, flue or heating apparatus in safe condition he shall be liable to a fine as prescribed in this chapter; and provided, that any chimney or flue not forming a part of a wall and not resting on the ground, or on iron hangers or plates is hereby declared to be unlawful and is condemned and adjudged to be dangerous as set out in this section; but this provision shall not be construed to be an exclusive statement of every dangerous condition, and any and all other dangerous conditions shall be subject to this section. Provided further, that all chimneys, flues or heating apparatus on premises constructed prior to the 17th day of May, 1905, shall be considered safe if they form a part of a wall or rest on the ground, or on iron hangers or plates, and that any person notified as set out above in reference to any such chimney, flue or heating apparatus shall be deemed to have complied with such notice if any such chimney, flue or heating apparatus is made to conform to the requirements contained in this proviso; provided, further, that all chimney, flues and heating apparatus constructed since

[Tarrance v. Chapman, et al.]

the 17th day of May, 1905, shall conform to all the terms and conditions of this chapter."

(4) We are of the opinion that this ordinance clearly shows that it was not the intention to hold one in violation thereof, whose house had been previously constructed, until after such person had been notified by the inspector as provided therein. A contrary construction would give to the ordinance a retroactive effect, and subject to penalty and liability one who had previously constructed his house in full compliance with all the rules, regulations, and ordinances at that time in force. Such a construction we think not only not justified by the language of the ordinance, but in contradiction thereof.

The construction of the count, therefore, as showing the erection of the house before the passage of the ordinance, taken in connection with the failure on the part of the pleader to allege any notice to the defendants by an inspector, as provided in said ordinance, leads us to the conclusion that the count fails to show a violation of the ordinance. We gather from the brief of counsel for appellant that this is the reason which actuated the court in sustaining these demurrers, and in the court's reasoning and action we fully concur.

What is here said is also sufficient to show that there was no error of which appellant can complain in the action of the court in striking from count 7 that portion thereof which sought to fasten liability on account of the violation of the ordinance set out in count 6.

We have discussed the questions argued by counsel for appellant, and conclude that no reversible error is shown. The judgment of the court below is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.