(80 South. 625)

CITY OF BIRMINGHAM v. ANGLIN.
(6 Div. 518.)

(Court of Appeals of Alabama.   Dec. 17, 1918.)

MUNICIPAL   CORPORATIONS   ⬦639(1)   — BUILDING  ORDINANCE  — COMPLAINT  FOR VIOLATION.

Complaint on prosecution by city of Birmingham, alleging repair by defendant of a roof in which was a chimney not forming part of an incombustible wall, and, refusal and failure of defendant to take it down and rebuild it in a certain way *held* not to show violation of either section 451 or 385 of city's building ordinance.

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

T. L. Anglin was prosecuted by the City of Birmingham for violation of its building ordinance. Demurrer to the complaint was sustained, and the City appeals. Affirmed.

Prosecution by the city of Birmingham against defendant for a violation of a city ordinance. From a judgment for defendant, plaintiff appeals. The complaint was as follows:

"The city of Birmingham, a municipal corporation, complains of the defendant that he, within 60 days before the arrest in this case, before the commencement of this prosecution, and within the police jurisdiction of the city of Birmingham, did repair a roof or re-cover a house in which there was a chimney or flue which did not form part of an incombustible wall, and complainant alleges that defendant did not conform to the ordinance of the city of Birmingham, in that he failed or refused to take down said flue or chimney and rebuild same upon the ground with proper foundation or by hanging said flue or chimney on two by eight inch joist with iron stirrups or new iron of not less than three-eighths of an inch by two inches bent to come flush with the bottom of the ceiling, with six crossbars three-eighths by two inches, seventeen inches long and with seventeen by seventeen inch galvanized iron plate No. 28 gauge on top of those bars, or any other plate equally as good, contrary to and in violation of section 451 of Ordinance No. 78–C, entitled 'An ordinance to provide a building code for the city of Birmingham,' adopted April 10, 1912."

---

• ⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The complaint was demurred to, the court sustained the demurrer, and the appeal is from that judgment.

M. M. Ullman and Jere C. King, both of Birmingham, for appellant.

Weakley & Rice, of Birmingham, for appellee.

SAMFORD, J. According to the contention of appellant's counsel, the prosecution is under section 451 of the Building Code of Birmingham, which reads as follows:

"Sec. 451. Any chimney or flue not forming part of an incombustible wall shall rest upon the ground with proper foundation, except single flues may be hung on two by eight inch joist with iron stirrups of new iron of not less than three-eighths of an inch by two inches bent to come flush with the bottom of ceiling with six crossbars three-eighths by two inches, seventeen inches long and with seventeen by seventeen inch galvanized iron plate No. 28 gauge on top of those bars or any other place equally as good."

There is also an ordinance of the city of Birmingham to amend section 385 of Ordinance 78–C, which is in the following words:

"Be it ordained by the city commission of the city of Birmingham, that section 385 of Ordinance 78–C, approved April the 10th, 1912, be amended so as to read as follows:
"*Repairs and General Construction and Regulation.*
"Sec. 385. It shall be the duty of every person, firm, or corporation making any necessary repair, addition or alteration in or upon any building or structure in the city of Birmingham, to conform to the laws and ordinances of the city of Birmingham with regard to the nature and character of the construction of such building to the extent of the work of repair, addition or alteration, and it shall also be the duty of such person, firm or corporation to make such repairs, additions or alterations to the building so as to conform to the laws and ordinances of the city when such repairs and alterations are necessary for the safety of the owners or occupants of such building or the persons visiting the same or the surrounding structures. It shall also be the duty of every person, firm or corporation making any change, alteration or addition to any building, other than necessary repairs for wear and tear, to make all parts of said building or structure comply with the laws and ordinances of the city of Birmingham, if the same be necessary to put said building or structure in a safe condition to be used for the purpose intended. It shall be unlawful for any person, firm or corporation to repair the roof of any building or structure covered with shingles, which on account of fire, rain, wind, deterioration or any other cause, have been damaged to the extent of 75 per cent., but in all such cases the remaining portion of said roof shall be removed and the same shall be recovered with such covering as may now or hereafter be provided by the building laws. No permit to repair or recover any such roof shall be issued where a permit is now required by the law, nor shall any such repair or recovery of such roof be made, where a permit is now required by the law unless at the time of making such repairs and taking out such permit, the owner of such building or his agent or contractor shall also take out a permit to reconstruct all flues in said building which do not conform to the law, and shall thereupon take down all such flues and rebuild the same as now or hereafter required by the Building Code, and shall also make such repairs upon chimneys as are necessary to render the same safe.

"It shall be the duty of the owner of every building or structure used and occupied or intended for use and occupancy by human beings to keep and maintain the same in a safe and tenantable condition or to remove the same."

If there is any violation charged in the complaint at all, it is a violation of section 385 of the Building Code of Birmingham, in that defendant failed or refused to take down a flue or chimney and rebuild same in accordance with the specifications, as set out in section 451. It certainly could not be claimed that the prosecution is for a violation of section 451, as it appears from the allegations of the complaint that the chimney or flue was already in existence, and so far as we know was built before the passage of section 451, in conformity to ordinances then in existence. If this were so, the defendant would not be required to tear it down and rebuild it unless it subsequently became a menace or a nuisance.

If the defendant owned a house or was a contractor or agent, and in that house was a chimney or flue, such owner, contractor, or agent had the right, under the ordinances hereinabove referred to, to recover or repair the roof, unless by so doing he infringed or violated a reasonable ordinance of the city. If he did violate a reasonable ordinance of the city, it is incumbent upon the city in its complaint to clearly designate and define such ordinance, and the acts constituting its violation.

For aught that appears in the complaint, the defendant had the right to recover or repair the roof without taking down and rebuilding the flue.

The reasonableness and validity of the ordinances are not necessarily involved in this decision, and hence are not passed upon, but in order to maintain the prosecution, good pleading requires that the city by its complaint must bring the defendant within the ordinances which it seeks to enforce. Tarrance v. Chapman, 196 Ala. 93, 71 South. 707.

The court did not err in sustaining the demurrer, and the judgment of the court is affirmed.

Affirmed.