(89 South. 624)

**ALABAMA FUEL & IRON CO. v. VAUGHAN.**
**(7 Div. 189.)**

(Supreme Court of Alabama.   June 2, 1921.)

Waters and water courses ☞179(1)—Averment of duty on defendant, to which negligence is referable, necessary.

In action for damages for overflow of water to plaintiff's land, the absence of an averment of duty, to which the generally alleged negligence is referable, renders the count defective.

Appeal from Circuit Court, St. Clair County;  O. A. Steele, Judge.

Action by S. A. Vaughan against the Alabama Fuel & Iron Company for damages for injury to land by overflow.   Judgment for the plaintiff, and the defendant appeals.  Transferred from Court of Appeals, under section 6, Acts 1911, p. 449.   Reversed and remanded.

Count 3 is as follows:

Count 3. Plaintiffs claim of the defendant the sum of $5,000, as damages for that heretofore, on, to wit, for some time immediately preceding the filing of this suit, plaintiffs were the owners of or in possession of the following tract of land, to wit: The W. ½ of the S. W. ¼ and southwest corner of S. E. ¼;  15 acres in S..W. ¼ all of said lands being situated in section 34, township 16, range 1, containing 95 acres, more or less, situated in St. Clair County, Ala., upon which lands plaintiffs resided with their families, and conducted the business of farming, raising crops, and other things;  that during said time large quantities of water were caused to flow over and upon said land, and as a proximate consequence of said water flowing or being upon the land aforesaid said property became of less value to plaintiffs as a place of residence and as a place to conduct said business, and was rendered less comfortable and convenient for plaintiffs as a residence for themselves and their families, and as a place to conduct said business, being rendered less fertile with value greatly impaired and some portions thereof destroyed;  that plaintiffs were put to great trouble, inconvenience, and expense in and about using, and their efforts to use, said place for the purpose aforesaid;  that plaintiffs were made sick and suffered great mental and physical pain, and members of plaintiffs' families were made sick, and plaintiffs were put to great trouble, inconvenience, and expense for medical attention, medicine, care, and nursing in and about their efforts to cure their said sickness;  that there was a stream of water flowing through said property;  and that same was made unfit for domestic purposes.

Plaintiffs aver that defendant negligently caused said water to flow or be upon said land,

and said negligence of defendant proximately resulted in the said injuries and damages to plaintiffs.

Percy, Benners & Burr and J. R. Forman, all of Birmingham, for appellant.

The defendant was entitled to the affirmative charge as to count 3.   203 Ala. 461, 83 South. 323;  198 Ala. 469, 73 South. 648;  194 Ala. 278, 69 South. 952;  171 Ala. 251, 55 South. 170.   Counsel discuss the question of damages, but, in view of the opinion, it is not deemed necessary to here set them out.

Frank S. Andress, of Birmingham, for appellee.

No brief reached the Reporter.

McCLELLAN, J.   This case was submitted to the jury under issues consequent upon the averments of count 3 alone.   The judgment below is reversed upon the authority of Ala. Fuel & Iron Co. v. J. A. Vaughan, 205 Ala. 589, 88 South. 857.

It may be remarked that count 3 was defective in the particular that it failed to aver a duty on defendant to which the generally alleged negligence of the defendant was referable.   T. C. I. Co. v. Smith, 171 Ala. 251, 55 South. 170.   There is no intimation, even, in the count that these parties were related riparian proprietors, out of which relation there arose certain rights, duties, and responsibilities.

The judgment is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C J., and SOMERVILLE and THOMAS, JJ., concur.