(127 So. 832)

# CITY OF MOBILE v. McCLURE.

## I Div. 592.

Supreme Court of Alabama.

April 10, 1930.

Vincent F. Kilborn, of Mobile, for appellant.

Frank J. Yerger, of Mobile, for appellee.

FOSTER, J.

This is an action at law by the owner of property abutting upon a street for damages claimed by reason of the felling of a shade tree situated on the sidewalk in front of plaintiff's residence.

The fundamental questions of law which are involved have been settled in this state, and need no further discussion. Briefly stated, they are: (1) That if the tree was cut by the city while engaged in the construction or enlargement of the works, highways, or improvements of the city, and the property of the lot owner is thereby injured or destroyed, the city is liable in damages to the extent of an amount which would award just compensation therefor. Const. § 235; McEachin v. Tuscaloosa, 164 Ala. 263, 51 So. 153; Birmingham v. Graves, 200 Ala. 463, 76 So. 395. (2) That if the tree is cut in the exercise of the police power of the city, in caring for the health, comfort, and general welfare of the inhabitants thereof, and was not an arbitrary, corrupt, or a manifest abuse of the right of such police power, and not rendered in an improper or negligent manner, the city is not liable in damages for doing so. Birmingham v. Graves, supra; Southern Bell v. Francis, 109 Ala. 224, 19 So. 1, 31 L. R. A. 193, 55 Am. St. Rep. 930; 4 McQuillin, Municipal Corporations (2d Ed.) § 1431; 38 Cyc. 528.

This case was apparently tried in the circuit court with a proper understanding and interpretation of those principles.

But an important question of pleading is assigned for error: The sufficiency of the complaint against demurrer. It alleges that there was a tree on the sidewalk, a part of a public street of the city; that defendant's servants, etc., in the line of their authority as such, etc., cut down and destroyed the tree, thereby causing a depreciation in the value of plaintiff's property; and that this was wrongful, in that defendant did not make just compensation for same, and that no compensation has been made plaintiff.

The demurrers sufficiently raise the objection that there is not shown the duty to make compensation, because it is not alleged that it was done under the power of eminent domain, nor that it was an abuse of the police power. It is said that the complaint is an exact copy of that held good in Alabama Power Co. v. Christian, 216 Ala. 160, 112 So. 763. That may be true, and it may still be subject to demurrer in this case. There the suit was against a private corporation vested with the right of eminent domain, but with no police power or any other apparent right to cut the tree. When against such a corporation, those allegations show an apparent wrong, either no semblance of right, or the use of eminent domain without making compensation. The opinion in that case states that in such complaint the plaintiff "claimed damages done to his property in the exercise of the right of eminent domain." There was open no other interpretation of defendant's conduct. That could not be the interpretation of such complaint against the city, because the city may have had the right to cut the tree by reason of its police power, if not improperly exercised. In view of the fact that the complaint does not undertake to say that there was any impropriety in the exercise of the police power, nor an attempt to use its right of eminent domain, but that the only wrong done was the failure to pay compensation, we are left to conjecture or to assume in what respect plaintiff claims the city acted wrongfully wherein her rights were infringed. It is not a trespass or other wrong for a city to fell a tree standing in the sidewalk, unless more is alleged. Its liability in such event is dependent upon the further condition that such conduct was arbitrary, unreasonable, corrupt, improper, negligent, or wrongful for some other reason, unless it is a use of the right of eminent domain. It was not prima facie wrongful. If one's conduct is actionable only when certain

conditions exist, the burden is upon plaintiff so to allege and generally to prove them. If the foundation of the wrong is that the conduct was negligent or corrupt or wanton, the universal rule is that such negligence, corruption, or wantonness must be alleged and generally proved. This is upon the idea that there is no actionable conduct without such conditions. They are of the essence of the action.

While there is no averment that the city acted under its police power, there is none that it was acting otherwise, and the presumptions are against the pleader. We have come to the conclusion that the burden of averment in this respect was upon plaintiff, and that the complaint was subject to the demurrer.

■ But that does not mean necessarily that the burden of proof was upon plaintiff in this respect. The court charged the jury that the burden was on the defendant to justify its right to cut down the tree, and appellant excepted to this charge. The burden would ordinarily be upon the plaintiff to prove such averments as are of the essence of the action, though they include a negative, unless the knowledge of such facts is peculiarly possessed by defendant, for in such event there is an administrative presumption against defendant on that issue. This continues in effect until defendant has offered evidence to the contrary. Cruse-Crawford Mfg. Co. v. Rucker (Ala. Sup.) 123 So. 897;[1] Toranto v. Hattaway, 219 Ala. 520, 122 So. 816; Lawson v. Mobile Elec. Co., 204 Ala. 318, 85 So. 257; Louisville & N. R. R. Co. v. Marbury, 125 Ala. 237, 28 So. 438, 50 L. R. A. 620; Somerall v. Citizens' Bank, 211 Ala. 630, 101 So. 429; 22 C. J. 81.

The authorities show that there has not always been applied a clear distinction in this connection between the burden of proof, and the burden of going forward with the evidence to overcome this presumption. Starks v. Comer, 190 Ala. 245, 67 So. 440; Lawson v. Mobile Elec. Co., supra; Somerall v. Citizens' Bank, supra.

The court in the instant case stated that the "burden" was on defendant here. This is technically true. We think, however, that the interchange of such terms would not have material effect in charging the jury. Though it would be well to explain to them the effect of this situation as fully discussed in the Lawson Case, supra.

It seems clear to us that the propriety of the cutting of the tree by the city as an exercise of its police power was peculiarly known to the city authorities. Was it a menace to safety or convenient use of the street, or in what respect did it serve the public welfare to remove the tree? The city should peculiarly know this and be prepared to sustain it.

[1] 220 Ala. 101.

■ We do not find error in the charge of the court to which exception was taken. But is the omission in the complaint cured by the court in trying the case and charging the jury on the correct theories and principles of law? This court has also considered the subject in numerous cases.

The rule based on Best Park, etc., Co. v. Rollins, 192 Ala. 534, 68 So. 417, Ann. Cas. 1917D, 929, is that though there is a defect of averment in stating the cause of action in the complaint, if both parties introduce such relevant evidence as they desire, and the court correctly charges the law on the subject, the ruling of the court in improperly overruling demurrer to the complaint will not be reversed, for that it was without injury. Southern Ry. Co. v. Dickson, 211 Ala. 481, 100 So. 665; Federal Auto. Ins. Ass'n v. Meyers, 218 Ala. 520, 119 So. 230. But there are circumstances when this rule will not apply. It will not as an instance when the complaint does not state a cause of action without the matter which was omitted. This is assumed in Southern Ry. Co. v. Dickson, supra. See Cummings v. Gray, 4 Stew. & Port. 397; Pulliam v. Schimpf, 109 Ala. 179, 19 So. 428; Central of Ga. Ry. Co. v. Gross, 192 Ala. 354, 68 So. 291; Federal Auto. Ins. Ass'n v. Meyers, supra. It was said not to apply in a suit upon a contract, when the complaint does not aver the nature of the contract or its legal effect with sufficient certainty. Adler v. Miller, 218 Ala. 674, 120 So. 153.

We should therefore inquire whether the complaint states a cause of action. It is in tort, as we have said. We have pointed out that the only wrong charged is in the failure to pay compensation. But it makes no allegations showing that compensation is due. "Just compensation" are words borrowed from the Constitution (section 235) and ordinarily belong to the nomenclature of eminent domain, but not necessarily so. In no other respect does the complaint refer to the right of eminent domain. The only other basis of a claim for damages against a city for cutting a tree on the sidewalk of a street is the abuse of the police power. When tested in that aspect, does it undertake to assert a cause of action? If it does not, plaintiff cannot support a recovery based entirely on that theory, though the court correctly charged the jury. In a case where the complaint merely omits to aver that the agents, etc., of defendant, in doing the act charged in the complaint, "were acting in the line or scope of their employment" the omission may be supplied by authority of this rule, and there would be no reversible error in overruling a demurrer to such complaint, when the error is thus cured, Best Park, etc., Co. v. Rollins, supra, also if the omission is to aver that there was knowledge of plaintiff's dangerous position when the specified negligent act occurred, Southern Ry. Co. v. Dickson, supra. In neither instance is the averment necessary for the complaint to

state a cause of action. The distinction is sometimes expressed thus: A failure to state facts sufficient to constitute a cause of action is to be distinguished from the defective statement of a cause of action. Federal Auto. Ins. Ass'n v. Meyers, supra. Every action in tort consists of three elements: (1) The existence of a legal duty by defendant to plaintiff; (2) a breach of that duty; and (3) damage as the proximate result. Tennessee C., I. & R. R. Co. v. Smith, 171 Ala. 251, 55 So. 170; Tarrance v. Chapman, 196 Ala. 88, 71 So. 707; 38 Cyc. 524.

If the complaint states, though defectively, and without sufficient averment, the existence of those elements, it states a cause of action in tort. We would then have the defective statement of a cause of action. But if the complaint does not undertake to allege (even defectively) the existence of one or more of the elements of such action, nor to allege facts from which its existence may be inferred, it fails to state facts sufficient to constitute a cause of action.

In the instant case, the substance of the complaint is that the city felled a tree which was on the sidewalk of a thoroughfare of the city, which depreciated the value of plaintiff's property, and that compensation for which has not been paid her. What was the duty to plaintiff attempted to be charged which was breached? What was the duty to plaintiff not to do exactly what was done? There is no effort to allege negligence or impropriety or unreasonable or arbitrary or corrupt conduct, but only an apparently proper exercise by defendant of its police power. No attempt is made at the allegation of a breached duty. Tarrance v. Chapman, supra; Tennessee C., I. & R. R. Co. v. Smith, supra.

We cannot therefore apply the doctrine of error without injury, such as we have discussed.

The other assignments of error do not seem to need treatment for the purposes of another trial.

For the error in overruling demurrer to the complaint we find it necessary to reverse the case.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.